IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



STEVES AND SONS, INC.,

    Plaintiff,

v.                                Civil Action No. 3:16cv545

JELD-WEN, INC.,

    Defendant.

**ORDER**

Having considered DEFENDANT JELD-WEN, INC.'S MOTION TO DISMISS COUNT ONE OF PLAINTIFF STEVES AND SONS, INC.'S COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 20), the supporting and opposing memoranda, it is hereby ORDERED that the motion is denied because considering the Complaint as a whole, which JELD-WEN, Inc.'s ("JELD-WEN") motion does not, the Complaint clearly and specifically alleges facts, which, if proved, plausibly show (a) violations of Section 7 of the Clayton Act; and (b) casually connected harm to the plaintiff of the type that Section 7 is intended to prevent within the meaning of Section 4 and Section 16 of the Clayton Act; because the Complaint alleges facts, which if proved, plausibly establish violation of Section 7 by the merger between JELD-WEN and Craftmaster Manufacturing, Inc. causing higher prices for doorskins, lower quality for doorskins, reduced output of doorskins, and increased

coordination between the two remaining doorskins suppliers, JELD-WEN and Masonite, Inc. ("Masonite"); and because the Complaint alleges that the merger already has caused those anti-competitive effects which are alleged to harm the plaintiff or other door manufacturers and consumers; because the Complaint clearly articulates how the challenged merger currently is significantly hindering the ability of the plaintiff to compete in the market of interior molded doors by increasing costs and reducing the quality of doorskins sold to the plaintiff, making it more difficult for the plaintiff to compete for the sale of doors; because the Complaint alleges that the merger has reduced the supply of doorskins to the plaintiff thereby further hampering its ability to compete in the downstream of market for doors and describes that impairment to competition in various ways; because the Complaint alleges that, as a consequence of the merger and the conduct of JELD-WEN and Masonite, JELD-WEN will be able completely to foreclose the plaintiff competing in the doors market and potentially will enable JELD-WEN to drive the plaintiff out of business; because the Complaint alleges that the 2012 merger by eliminating one of only three suppliers then in the market, by enhancing JELD-WEN's market power, and by increasing the ability of JELD-WEN and Masonite (the remaining supplier) to coordinate, and the fact of coordination having increased costs, reduced quality and reduced output of doorskins available to the plaintiff; because it

is not the obligation of the plaintiff in preparing the Complaint to negate any possible affirmative defense, in this instance, laches; and because the issue of laches is a factual one that is inappropriate for resolution under Rule 12(b)(6).

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: October 20, 2016