UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STEVES AND SONS, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>JELD-WEN, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 3:16-cv-545-REP |

## FINAL PRETRIAL ORDER

Plaintiff Steves and Sons, Inc. ("Steves") and Defendant JELD-WEN, Inc. ("JELD-WEN") (jointly, the "Parties"), by counsel, jointly submit this Final Pretrial Order. This Final Pretrial Order supersedes any previous versions of the Final Pretrial Order provided by the Parties to the Court.

**A.  Stipulation of Undisputed Facts**

1. Attached as Exhibit 1 is the Parties' "Agreed Stipulation of Undisputed Facts."

**B.  Exhibits**

1. Attached as Exhibit 2 (Steves) and Exhibit 3 (JELD-WEN) are Steves' and JELD-WEN's lists of exhibits. These exhibit lists contain both objected-to and not objected-to trial exhibits of the Parties, as well as the admissibility status of the exhibit following the pretrial conference.[1]

---

[1] Steves' trial exhibit list (FPTO Ex. 2) accounts for the Court's directive on January 29, 2018 that PTX-565 and PTX-566 retain their status as separate exhibit numbers and memorializes the Court's ruling the exhibit PTX-566 is admissible upon use, as long as its cover email, PTX-565, is used at the same time at trial.

2. The Parties agree that each may offer exhibits that are contained on the opposing Party's exhibit list, regardless of whether the Party intending to offer included the document on its own exhibit list. The Parties further agree that to the extent that an exhibit is excluded from one Party's exhibit list, but remains on the other Party's exhibit list, that exhibit is excluded and neither Party may use it.

3. To the extent that the Parties have withdrawn any exhibits or objections from their respective exhibit lists in the meet and confer process, those withdrawals are only for the purposes of the jury trial and are made without prejudice to their use in the remedies phase.

C. **Discovery Material**

1. Attached as Exhibit 4 are the Parties' conformed written discovery designations and objected-to written discovery designations.

2. Attached as Exhibit 5 is a chart summarizing the Court's January 26, 2018 deposition designation rulings as to the deposition testimony referenced in PTX-893, PTX-894, PTX-895, PTX-896, PTX-897, PTX-898, PTX-899, and PTX-900.

3. Attached as Exhibit 6 is a chart summarizing the Court's February 6, 2018 deposition designation rulings as to the deposition testimony referenced in DX-847 and DX-848.

4. Transcriptions of the designated deposition testimony published to the jury are being provided to the Courtroom Deputy.

5. *By separate Orders, transcripts on which the rulings on objections are placed in the record,* /s/ REP 2/14/18

D. **Witnesses**

1. Attached as Exhibit 7 (Steves) and Exhibit 8 (JELD-WEN) are Steves' and JELD-WEN's witness lists.

2. The Parties have agreed that all witnesses identified on their respective witness lists as witnesses whom they "will call to testify live" will in fact appear at trial, barring illness

2

or other unforeseen circumstances beyond the witness' control. In the event that a witness so identified by a Party does not appear at trial, and that witness' deposition testimony has not previously been introduced by the opposing party at trial, the opposing Party may offer any otherwise-admissible deposition testimony by that witness, regardless of whether the Party seeking to offer such testimony previously designated it. Nothing in this paragraph shall alter Steves' right to offer evidence during its rebuttal case.

E.  **Factual Contentions and Triable Issues**

1. Attached as Exhibit 9 are Steves' Factual Contentions and Triable Issues. Attached as Exhibit 10 are JELD-WEN's Factual Contentions and Triable Issues.

It is so ORDERED.

/s/ _REP_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 14, 2018