IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVES AND SONS, INC.,

    Plaintiff,

v.                            Civil Action No. 3:16-cv-545

JELD-WEN, INC.,

    Defendant.

**VERDICT FORM**

**I. ANTITRUST CLAIM**

1. As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that JELD-WEN's acquisition of CMI violated Section 7 of the Clayton Act.

    Yes __✓__                     No _____

If your answer is "No," do not respond to Paragraph 2. If your answer is "Yes," respond to Paragraph 2.

2. As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that JELD-WEN's violation of Section 7 of the Clayton Act caused an injury to Steves that was of the type that the antitrust laws were intended to prevent.

    Yes __✓__                     No _____

If your answer is "No," do not respond to Paragraph 3. If your answer is "Yes," respond to Paragraphs 3(a)-(b).

3.  (a) As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages for antitrust injuries *already sustained* as a result of the following conduct (if none, write "0"):

    (1) JELD-WEN's overcharging Steves for doorskins (other than Madison or Monroe)

    $ 8,630,567.

    (2) JELD-WEN's overcharging Steves for Madison and Monroe doorskins

    $ 1,303,035.

    (3) JELD-WEN's shipping defective doorskins to Steves and failing to reimburse Steves for those doorskins

    $ 441,458.

    (4) JELD-WEN's refusing to reimburse Steves for the cost of doors that incorporated defective doorskins

    $ 1,776,813.

(b) As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 46,480,581 for *future lost profits*. If none, write "0."

## II. BREACH OF CONTRACT CLAIMS

4. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the defendant breached Section 6 of the Supply Agreement by overcharging Steves for doorskins (other than Madison and Monroe doorskins, which are addressed separately in Paragraphs 6 and 7 below.)

Yes ✓  No ____

If your answer is "No," do not respond to Paragraph 5. If your answer is "Yes," respond to Paragraph 5.

5. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 8,630,567 for the breach of Section 6. If none, write "0."

6. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the defendant breached Section 1 of the Supply Agreement by overcharging Steves for Madison and Monroe doorskins.

Yes ✓  No ____

If your answer is "No," do not respond to Paragraph 7. If your answer is "Yes," respond to Paragraph 7.

3

7. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 1,303,035 for the breach of Section 1 (overcharging Steves for Madison and Monroe doorskins). If none, write "0."

8. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the defendant breached Section 8 of the Supply Agreement by shipping defective doorskins to Steves and by failing to reimburse Steves for those doorskins.

Yes ✓          No ___

If your answer is "No," do not respond to Paragraph 9. If your answer is "Yes," respond to Paragraph 9.

9. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 441,458 for the breach of Section 8 (failing to reimburse Steves for defective doorskins). If none, write "0."

10. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that Steves proved that Section 8 of the Supply Agreement requires JELD-WEN to reimburse Steves

4

for the cost of doors made using defective doorskins, and that JELD-WEN breached Section 8 by refusing to reimburse Steves for the cost of doors that incorporated defective doorskins.

Yes ✓          No ____

If your answer is "No," do not respond to Paragraph 11. If your answer is "Yes," respond to Paragraph 11.

11. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 1,776,813 for the breach of Section 8 (refusing to reimburse Steves for the cost of doors that incorporated defective doorskins). If none, write "0."


SEALED PURSUANT TO E-GOVT ACT

Date: February 15, 2018

