UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STEVES AND SONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JELD-WEN, INC., | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 3:16-cv-545-REP

**COUNTERCLAIM DEFENDANTS SAM STEVES AND EDWARD STEVES'
MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT
AS A MATTER OF LAW**

## I. INTRODUCTION AND SUMMARY

The pretrial conference, the statements of JELD-WEN's counsel, and JELD-WEN's submissions in connection with that conference have now identified—conclusively—all matters to be tried in this case. Those matters do not include any claims against intervenors Edward Steves or Sam Steves (the "Steves Brothers"). Accordingly, any such claims have been waived, and thus judgment as a matter of law should be entered in the Steves Brothers' favor.[1]

Given the approaching trial date, it is important to note that entry of judgment as a matter of law in favor of the individuals will have a number of ramifications with respect to trial evidence. For example, if the Court grants judgment as a matter of law to Pierce, then exhibits admissible against Pierce, but that will not be offered against Steves, must be excluded from evidence entirely.[2] Similarly, exhibits that are now admissible against Pierce, but that await a foundation for admissibility against Steves, must not be published to the jury, even with a limiting instruction, unless and until the foundation against Steves is established.[3]

## II. ARGUMENT

### A. The Steves Brothers Have Long Been, And Still Are, Counterclaim Defendants

On November 30, 2017, the Steves Brothers moved for permissive intervention as

---

[1] There also are no claims to be tried against intervenor John Pierce. The Steves Brothers understand, based on representations at today's hearing, that Pierce intends to move for identical relief, on similar grounds.

[2] *See, e.g.,* CPX-192, CPX-293, CPX-300, CPX-319, CPX-320 and CPX-406.

[3] *See, e.g.* CPX-120, CPX-121, CPX-122, CPX-123, CPX-124, CPX-126, CPX-127, CPX-139. CPX-119, addressed by the Court today in connection with a motion in limine, is also in this category.

counterclaim defendants in this case.[4] The Steves Brother submitted, along with that motion, their proposed Answer to JELD-WEN's Counterclaims.[5] In that Answer, the Steves Brothers responded to numerous specific allegations by JELD-WEN that they had, as individuals (and also along with John Pierce), engaged in wrongful conduct. For example, JELD-WEN alleged:

- "The Steves brothers and Pierce discussed that Steves was buying confidential JELD-WEN information from Pierce;"[6] and

- "Pierce stated in a separate April 7, 2015, email to Edward and Sam Steves that the 'financial information' and information about non-stick coating applied to dies for door skins that he had supplied to Steves were JELD-WEN trade secrets."[7]

The Court granted the Steves Brothers' motion to intervene, along with John Pierce's motion to intervene, on February 6, 2018.[8] The Court imposed no conditions on the individuals' intervention, other than recognizing the individuals' agreement to abide by the existing schedule, which was required in any event.[9] The individuals subsequently filed their Answers.[10]

With the Court's order permitting intervention, the Steves Brothers "became full participant[s] in the lawsuit" and were entitled to be treated "just as if [they] were an original

---

[4] Dkt. No. 591. Individual intervenor John Pierce also moved to intervene. Dkt. No. 606.

[5] Dkt. No. 592-1.

[6] Defendant Jeld-Wen, Inc.'s Amended Answer to Plaintiff Steves and Sons, Inc.'s Complaint for Injunctive and Declaratory Relief, Damages, and Specific Performance and Jeld-Wen's Counterclaims ("JELD-WEN Counterclaims") at 34 ¶ 19 (Dkt. No. 252).

[7] *Id.* at 35 ¶ 21. Given these allegations, the Steves Brothers are, in the terms used by the Court of Appeals in *Brat v. Personhuballah*, 883 F.3d 475 (4th Cir. 2018), intervening defendants expressly alleged to have engaged in wrongdoing and thus parties against whom relief could be obtained.

[8] Dkt. No. 832.

[9] Dkt. No. 833 at 11-12, 24-25.

[10] Dkt. No. 837 (Steves Brothers' Answer), Dkt. No. 838 (Pierce's Answer).

party."[11] Here, the Steves Brothers became bona fide defendants in JELD-WEN's lawsuit, and having joined issue on JELD-WEN's claims with their Answer, the Steves Brothers thus assumed the risk that their "position [would] not prevail and that an order adverse to [their] interests would be entered."[12] Generally, "the possibility that the plaintiff will be able to obtain relief against the intervenor-defendant" is part of the "price" an intervenor-defendant, like the Steves Brothers here, pays for intervention.[13]

Indeed, even though JELD-WEN chose not to amend its Counterclaims to add claims specifically naming the Steves Brothers (as the Court invited JELD-WEN to do), JELD-WEN was not able, through that inaction, to leave the Steves Brothers in limbo, in an apparent effort to game the rules of *res judicata*. Unfortunately for JELD-WEN, the existence of a pleaded claim specifically naming an intervenor does ***not*** determine the scope of an intervenor's liability, or of its ability to prevail.[14] And having subjected themselves to a risk of individual liability and judgment, the Steves Brothers were and are entitled to claim the benefits of pretrial and other procedures available to all litigants.[15]

---

[11] *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) (citations omitted).

[12] *See* 7A C. Wright & A. Miller, Federal Practice & Procedure § 1920, at 611 (1972).

[13] *See District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129, 132 (D.C. Cir. 1985)

[14] *See, e.g., Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) (developer potentially liable for damages even though no claim against it was pleaded); *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) (intervenors entitled to apply summary judgment ruling against plaintiff to block claim by defendant retailer, even though retailer had asserted no claim against the intervenors.)

[15] *Gilbert v. Johnson*, 601 F.2d 761, 768 (5th Cir. 1979) (citation omitted). For example, an intervenor can move to dismiss proceedings, and may challenge subject-matter jurisdiction.
(continued…)

### B. JELD-WEN Has Waived Any and All Claims Against the Steves Brothers

One of the benefits provided to the Steves Brothers, as parties, was the preclusive effect of the pretrial conference and pretrial order. These events were litigation Rubicons that JELD-WEN has now crossed. Under familiar principles, if JELD-WEN failed to "identify a legal issue worthy of trial in the pretrial conference *or* pretrial order," then JELD-WEN waived any right to have that issue tried.[16] As the notes to Rule 16 point out, "counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue to the court, the right to have the issue tried is waived."[17]

Here, JELD-WEN has completely failed, in its "Factual Contentions" and in its "Triable Issues," to identify any claims to be tried against either of the Steves Brothers (or, for that matter, against John Pierce). In its factual contentions, JELD-WEN:

- alleges that *only* "***Steves and Sons, Inc. ('Steves')*** violated both the federal Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act by misappropriating JELD-WEN's trade secrets."[18]

- claims that *only* "***Steves*** acquired JELD-WEN's trade secrets through improper means."[19]

- asserts that *only* "***Steves***…used and disclosed the JELD-WEN trade secrets" that Steves "improperly acquired through Mr. Pierce and Mr. Ambruz";[20]

---

Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1920 n. 10, 11 (citations omitted).

[16] *McLean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 480 (4th Cir. 2002) (emphasis added).

[17] Fed. R. Civ. P. 16, notes to 1983 Amendment.

[18] JELD-WEN's Factual Contentions and Triable Issues at 1 (attached as Exhibit A) (emphasis added).

[19] *Id.* (emphasis added).

5

- claims that *only Steves* acted willfully and maliciously;[21] and

- maintains that *only Steves* is liable for compensatory or exemplary damages.[22]

JELD-WEN's factual contentions *do not even mention Sam or Edward Steves.*

JELD-WEN's triable issues are, in turn, entirely consistent with JELD-WEN's focus on claims against Steves—and against Steves alone. Thus, JELD-WEN seeks trial on (a) whether Steves acquired JELD-WEN's trade secrets through improper means, (b) whether Steves used or disclosed JELD-WEN's trade secrets, (c) whether Steves' alleged misappropriation was willful and malicious, (d) by what amount Steves has been unjustly enriched, and (e) the amount of the reasonable royalty that "Steves owes…."[23] Again, there is *no mention whatsoever* of any claim or issue triable against either of the Steves Brothers.

### C. JELD-WEN's Waiver is the Product of JELD-WEN's Intentional Choice

Critically, the fact that the Steves Brothers are "missing men" in JELD-WEN's pretrial order submissions is no clerical error. *It is, instead, the result of a conscious decision by JELD-WEN.* Despite the fact that the individuals became full-fledged parties many months ago when they intervened and answered JELD-WEN's counterclaims, JELD-WEN—for strategic reasons it found satisfactory—has scrupulously and unabashedly refused to litigate claims against them.

Lest there be any mistake on this point, counsel for JELD-WEN stated during the pretrial conference that, for example, Pierce was an intervenor who had "interjected himself into the

---

[20] *Id.* at 1-2 (emphasis added).

[21] *Id.* at 2.

[22] *Id.*

[23] *Id.* at 2-3.

6

case," and that JELD-WEN is "actually not asserting claims against him here."[24] This spoken waiver has been repeated in writing, with respect to all the individuals. JELD-WEN's recent objections to Steves' proposed jury instructions demonstrate, in no uncertain terms, JELD-WEN's decision to try claims *only against Steves*—despite JELD-WEN's *frank recognition* that the Steves Brothers (and Pierce) are *also defendants in this action*. Specifically, JELD-WEN states there that "the Steves Brothers are now counter-defendants to the First, Third, Fourth, and Fifth Counterclaims, and Pierce is a counter-defendant to the First and Third Counterclaims,"[25] yet on the same page JELD-WEN states—in evident recognition of its decision not to litigate against the individuals—that JELD-WEN "has not asserted any claims against them."[26]

Further confirming these express oral and written statements of waiver, as well as the overall waiver by operation of Rule 16,

- JELD-WEN has offered no jury instructions relating to any claims against the Steves Brothers (or Pierce);

- JELD-WEN has offered no jury instructions seeking damages of any kind against any of the individuals; and

- In particular, JELD-WEN has offered no jury instruction regarding comparative fault among the individuals and the corporation, as would be required under the Texas Trade Secrets Act.[27]

---

[24] April 24 Tran. at 56-57 (Exhibit C).

[25] Defendant And Counterclaimant Jeld-Wen, Inc.'s Objections To Steves And Sons, Inc., Sam Steves And Edward Steves' Proposed Jury Instructions For Second Trial at 5 (April 19, 2018) (Exhibit B).

[26] *Id.* at 5

[27] *Hunter Bldgs. & Mfg., L.P. v. MBI Glob., L.L.C.*, 436 S.W.3d 9, 15 (Tex. App. 2014) ("This court has concluded that Chapter 33 of the Texas Civil Practice and Remedies Code, entitled 'Proportionate Responsibility,' applies to claims for misappropriation of trade secrets….").

7

### D. The Steves Brothers Have Prevailed on JELD-WEN's Counterclaims

In sum, JELD-WEN could not be more clear about its desire to pursue no claims against the individuals. Its Rule 16 submissions are entirely consistent with that approach. But JELD-WEN seems to be unaware of the *consequences* of that choice. The Steves Brothers intervened, are parties, and have answered JELD-WEN's Counterclaims. They have, therefore, always been at risk of having judgment entered against them, whether or not JELD-WEN amended its Counterclaims. And with JELD-WEN now unable (and, even more to the point, unwilling) to pursue any claims against them at trial, the Steves Brothers are equally entitled to judgment against JELD-WEN, on the merits, as a matter of law.[28]

## III. CONCLUSION

When the Court granted their motion to intervene as counterclaim defendants, the Steves Brothers became full-fledged parties. JELD-WEN cannot negate the Court's decision permitting intervention simply by refusing to proceed against them. Rather, JELD-WEN's choice has consequences. Its refusal to try a case against the Steves Brothers is a waiver of all claims to which the Steves Brothers are counter-defendants. And, as in any case in which the plaintiff fails to prosecute its claims against a particular defendant, that defendant is then entitled to judgment on the merits.

For the foregoing reasons, the Court should enter judgment against JELD-WEN, and in favor of the Steves Brothers, on all remaining claims.

---

[28] *See, e.g.*, *Zenith Petroleum Corp. v. Steerman*, 656 Fed. App'x 885, 887-88 (district court properly granted summary judgment after it *sua sponte* confined the litigation to the claims and issues identified in the pretrial order); *see also* Fed. R. Civ. P. 50(a)(2) (motion for judgment as a matter of law may be made "at any time").

Dated:  April 27, 2018

Respectfully submitted,

**STEVES AND SONS, INC., AND SAM STEVES AND EDWARD STEVES**

By:   /s/Lewis F. Powell III
Lewis F. Powell III (VSB No. 18266)
Maya M. Eckstein (VSB No. 41413)
Douglas M. Garrou (VSB No. 42069)
R. Dennis Fairbanks (VSB No. 90435)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218
lpowell@huntonak.com
meckstein@huntonak.com
dgarrou@huntonak.com
dfairbanks@huntonak.com

Glenn D. Pomerantz (pro hac vice)
Ted Dane (pro hac vice)
Kyle W. Mach (pro hac vice)
Emily C. Curran-Huberty (pro hac vice)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9132
Facsimile:  (213) 683-5161

*Attorneys for Counterclaim-Defendant Steves and Sons, Inc., Sam Steves, and Edward Steves*


Marvin G. Pipkin
Kortney Kloppe-Orton
PIPKIN LAW
10001 Reunion Place, Suite 6400
San Antonio, TX 78216
Telephone:     (210) 731-6495
Facsimile:     (210) 293-2139

*Of Counsel*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2018, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system. Additionally, the sealed documents have been provided to all counsel of record via email.

                                              By  /s/Lewis F. Powell III
                                                    Lewis F. Powell III