# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| STEVES AND SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16-CV-00545-REP |
| | ) | |
| JELD-WEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT AND COUNTERCLAIMANT JELD-WEN, INC.'S OBJECTIONS TO
STEVES AND SONS, INC., SAM STEVES AND EDWARD STEVES' PROPOSED JURY
INSTRUCTIONS FOR SECOND TRIAL**

Defendant and Counterclaimant JELD-WEN, Inc. ("JELD-WEN") hereby submits its

general and specific objections to the Proposed Jury Instructions by Steves and Sons, Inc., Sam

Steves, and Edward Steves (collectively, "Steves").

**GENERAL OBJECTIONS**

**General Objection No. 1:   Instructions Not Based On Pattern, *DuPont/Samsung/
Steves* or Model Jury Instructions.**   JELD-WEN objects to each instruction to the extent that it

is either not based upon:  pattern or model jury instructions; the jury instructions of the Court in

*E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, No. 3:09-cv-00058, Dkt. No. 1516 (E.D.

Va. Sept. 14, 2011), which the Court instructed the parties to utilize[1]; the jury instructions of the

_____

[1] *See* Mar. 1, 2018 Hrg Tr. at 16:8-17 ("THE COURT: All right. I want you to get the instructions
that were given in *DuPont v. Kolon* as you are looking through the instructions and getting ready.
I think those were honed down to the right level, and as best I can see, there's no real difference
between the Virginia statute and the Texas statute, but I have to confess that I haven't really done
an in-depth look, but I think those might help you in seeing how its been approached in the past.").

Court in *Steves & Sons, Inc. v. JELD-WEN, Inc.*, No. 3:16-CV-545, 2018 WL 815579, Dkt. No. 1025 (E.D. Va. Feb. 9, 2018) or *Samsung Electronics Co. Ltd. v. NVIDIA Corp.*, No. 3:14-cv-00757-REP-DJN, Dkt. No. 791 (E.D. Va. April 15, 2016), where the *DuPont* instructions were not applicable. JELD-WEN also objects to instances of biased and prejudicial editing of such instructions. District courts should use pattern jury instructions if they accurately reflect the law governing the adjudication of the claim. *See Noel v. Artson*, 641 F.3d 580, 587 (4th Cir. 2011) (upholding district court's refusal to provide instruction drafted by party and instead giving instructions based on pattern jury instructions that articulated the appropriate legal standard); *see also Freemon v. Foley*, No. 95 C 209, 1996 U.S. Dist. LEXIS 3695, at *8 (N.D. Ill. Mar. 26, 1996) (rejecting proffered jury instructions because the material was covered in pattern instructions). There is no reason to navigate through newly-invented special instructions when jury instructions directly applicable to this case already exist.

In particular, JELD-WEN objects to the following jury instructions that Steves proposed: No. 7 ("Court's Questions to Witness"), No. 10 ("Use of Depositions and Interrogatories as Evidence), No. 22 ("Elements of the Claims – Trade Secrets Misappropriation"), and No. 31 ("Damages for Trade Secret Misappropriation"). JELD-WEN sets out its specific objections to each of those instructions below.

**General Objection No. 2: Incompleteness.** JELD-WEN objects to Steves' proposed jury instructions because they fail to include multiple material instructions that provide the legal framework for JELD-WEN's claims. Accordingly, the Court should give the following separate instructions:

**JELD-WEN's Claims:** As in the antitrust trial, the jury should be instructed that JELD-WEN has alleged two claims in this lawsuit and the jury should consider each claim separately

2

based on the evidence and the instructions that the Court provides on each claim. *See Steves & Sons, Inc. v. JELD-WEN, Inc.*, No. 3:16-CV-545, 2018 WL 815579, Dkt. No. 1025 (E.D. Va. Feb. 9, 2018). JELD-WEN therefore requests that the Court give JELD-WEN's Proposed Jury Instruction No. 16 ("JELD-WEN's Claims").

**Opinion of Non-Expert:** As in *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, the jury should be instructed on the role of non-expert witnesses. *See* No. 3:09-cv-00058, Dkt. No. 1516 (E.D. Va. Sept. 14, 2011). Steves offers no explanation for why it failed to include this instruction. Accordingly, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 20: Opinion of Non-Expert, which provides this important information.

**Spoliation Inference**: For the reasons explained in JELD-WEN's briefing on its pending motion *in limine* for sanctions as to John Pierce for the spoliation of evidence, *see* Dkt. Nos. 1087, 1255, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 21, which provides a spoliation inference as to Mr. Pierce.

**Trade Secrets that Contain Public Information:** The Court not only instructed the parties to follow the *DuPont* jury instructions to the extent possible, but explicitly discussed using JELD-WEN's Proposed Jury Instruction No. 30, which is the instruction that this Court provided to the jury in *DuPont*, for JELD-WEN's Trade Secret Nos. 15, 18, 22, 62, 63, 66 and 67, which contain individual components that Steves may argue are in the public domain. *See* Apr. 13, 2018 Hr'g Tr. at 34:22-35:8. Steves, however, failed to include this instruction. Accordingly, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 30, which is the instruction that this Court provided to the jury in *DuPont*.

**Exemplary Damages:** JELD-WEN is seeking exemplary damages under both the DTSA and the TUTSA. *See* JELD-WEN's Am. Answer and Counterclaims at 48. Steves included an

3

instruction on "willful and malicious" misappropriation, which JELD-WEN objects to on other grounds, *see infra*, but failed to include an instruction on exemplary damages.  Accordingly, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 38, which provides critical information regarding the jury's ability to award exemplary damages.

**General Objection No. 3:  TUTSA and DTSA Instructions.**  JELD-WEN objects to Steves' proposed jury instructions regarding the elements of and damages available under the DTSA and the TUTSA to the extent that the instructions fail to acknowledge that the instructions are applicable under both statutes or, in two instances, to identify the distinctions between the two statutes.[2]

## OBJECTIONS TO SPECIFIC PROPOSED JURY INSTRUCTIONS

**Objections to Steves' Proposed Pretrial Instruction No. 1**:  JELD-WEN objects to Steves' proposed "Opening Instructions" to the extent it includes an incomplete and misleading definition of the term "intervenor."  Steves' proposed instruction states that "Sam Steves, Edward Steves, and John Pierce are intervenors in this case for a limited purpose," but this is misleading. First, at no point have any of the intervenors identified any "limited purpose" for which they intervened.  Second, Sam Steves, Edward Steves, and John Pierce all *willingly elected* to join this case as intervenors and the Court considers them to be parties, as indicated in this Court's recent order on summary judgment.  Dkt. No. 1424 (Apr. 16, 2018 Summ. J. Order) at 10-11 ("The Court then granted motions by the Steves Brothers and Pierce to intervene as counterdefendants in this

---

[2] The instructions should be the same for the DTSA and TUTSA claims with two exceptions:  the exemplary damages instruction, because the DTSA and TUTSA require different standards of proof to award such damages, and the instruction on the elements of the claims, because the DTSA has an additional requirement that the plaintiff prove that the trade secrets are related to a product or service used in, or intended for use in, interstate or foreign commerce.  *See* JELD-WEN's Proposed Instruction Nos. 26, 42.

action.  As a result, the Steves Brothers are now counter-defendants to the First, Third, Fourth, and Fifth Counterclaims, and Pierce is a counter-defendant to the First and Third Counterclaims."). After arguing to this Court that "Edward and Sam, individually, and Steves, as a company, of whom they are the representatives, have a due process right to participate *in their own defense*," and that they must "be allowed to participate in *defending themselves*," they should not now be permitted to instruct the jury that the Steves brothers and Mr. Pierce are intervenors for some unidentified and nonexistent "limited purpose."   Mar. 26, 2018 Hr'g Tr. at 9:6-8, 10:7-10 (emphasis added).  It is simply not correct.

The third paragraph of Steves' proposed "Opening Instructions" should be replaced with the following:  "You may hear me use the term 'intevenor.'  An intevenor is someone who is a party to a lawsuit but is not asserting any claims and does not have any claims being asserted against it.  Sam Steves, Edward Steves, and John Pierce all chose to intervene in this case.  JELD-WEN has not asserted any claims against them."

**Objections to Steves' Proposed Pretrial Instruction No. 2**:  None.

**Objections to Steves' Proposed Pretrial Instruction No. 3**:  None.

**Objections to Steves' Proposed Pretrial Instruction No. 4**:  None.

**Objections to Steves' Proposed Pretrial Instruction No. 5**:  None.

**Objections to Steves' Proposed Pretrial Instruction No. 6**:  None.

**Objections to Steves' Proposed Jury Instruction No. 1**:  None.

**Objections to Steves' Proposed Jury Instruction No. 2**:  None.

**Objections to Steves' Proposed Jury Instruction No. 3**:  None.

**Objections to Steves' Proposed Jury Instruction No. 4**:  None.

**Objections to Steves' Proposed Jury Instruction No. 5**:  None.

**Objections to Steves' Proposed Jury Instruction No. 6**:  None.

**Objections to Steves' Proposed Jury Instruction No. 7**:  JELD-WEN objects to Steves' proposed "Court's Questions to Witness" instruction to the extent it leaves out the following sentence:  "The Court's questions are not evidence."  This was included in the Court's instructions to the jury in *Samsung* and is equally applicable to the present case.

In place of Steves' proposed "Court's Questions to Witness" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 7.

**Objections to Steves' Proposed Jury Instruction No. 8**:  None.

**Objections to Steves' Proposed Jury Instruction No. 9**:  None.

**Objections to Steves' Proposed Jury Instruction No. 10**:  JELD-WEN incorporates and reasserts its General Objection No. 1 in response to Steves' proposed "Use of Depositions and Interrogatories as Evidence" instruction.  Steves provides no basis or explanation for its reliance on the deposition instruction utilized in the first antitrust and breach of contract trial rather than the *DuPont* instruction, which is relevant and applicable to the present case, and which the Court explicitly instructed the parties to use.

JELD-WEN further objects to Steves' proposed "Use of Depositions and Interrogatories as Evidence" instruction as an improper attempt to combine what should be three separate instructions regarding 1) depositions, generally, 2) 30(b)(6) depositions, and 3) interrogatories. Steves provides no explanation for why it has combined these instructions into one lengthy and overly-complicated instruction.  As Steves has assembled it, this instruction is very likely to confuse the jury.  *U.S. v. Romer*, 148 F.3d 359, 367 (4th Cir. 1998) (upholding the district court's refusal to give instruction that "threatened to confuse the jury's understanding of applicable law."), *abrogated on other grounds by Neder v. U.S.*, 527 U.S. 1 (1991); *see also Dranchak v. Akzo Am.*,

6

*Inc.*, No. 92 C 1295, 1993 U.S. Dist. LEXIS 12566, *6-7 (N.D. Ill. Sep. 9, 1993) (refusing party's request to give instructions that were "too long," "unduly complicated," "likely to confuse the jury with . . . unnecessary language," "duplicative," and that "unduly emphasize[d] defendant's version of the facts").

In place of Steves' proposed "Use of Depositions and Interrogatories as Evidence" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction Nos. 12, 13, and 23.

**Objections to Steves' Proposed Jury Instruction No. 11**:  None.

**Objections to Steves' Proposed Jury Instruction No. 12**:  None.

**Objections to Steves' Proposed Jury Instruction No. 13**:  None.

**Objections to Steves' Proposed Jury Instruction No. 14**:  None.

**Objections to Steves' Proposed Jury Instruction No. 15**:  None.

**Objections to Steves' Proposed Jury Instruction No. 16**:  JELD-WEN objects to this instruction as an inaccurate statement of law and unnecessary.  The statement "the earlier inconsistent or contradictory statements of a witness not a party to the action are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial," is wrong as a matter of law.  Federal Rule of Civil Procedure 32 and Federal Rules of Evidence 801, 803, and 804 establish the circumstances under which a non-party witness's prior inconsistent statements constitute substantive evidence.  For example, Rule 801(d)(1)(A) provides that a declarant witness' prior inconsistent statement is not hearsay.  This instruction is also unnecessary because the Court, not the jury, decides the admissibility of evidence at trial.  *See* Fed. R. Evid. 104.  The Court will decide the admissibility of any prior statement at the appropriate time.  Should the Court determine

that the jury may only consider a certain prior statement by a witness for impeachment purposes, it can provide the necessary limiting instruction to the jury at that time as needed.

In place of Steves' proposed "Credibility of Witnesses – Inconsistent Statement" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 18.

**Objections to Steves' Proposed Jury Instruction No. 17**:  None.

**Objections to Steves' Proposed Jury Instruction No. 18**:  None.

**Objections to Steves' Proposed Jury Instruction No. 19**:  None.

**Objections to Steves' Proposed Jury Instruction No. 20**:  None.

**Objections to Steves' Proposed Jury Instruction No. 21**:  JELD-WEN objects to Steves' proposed "Overview – Necessity of Deciding Each Trade Secret Separately" instruction as duplicative and unnecessary.  The instruction that the jury, "must separately decide for each alleged trade secret whether JELD-WEN has proven its claim of misappropriation of the trade secret by a preponderance of the evidence" is repetitive of Steves' Proposed Jury Instruction No. 22, which also specifies that "JELD-WEN must prove by a preponderance of the evidence, as to each alleged trade secret" each element.  Steves provides no explanation for why a separate and duplicative jury instruction on this topic is warranted.  In total, Steves interposes this point into three separate proposed instructions (Nos. 21, 22, and 30), placing undue emphasis on a simple point.

Steves' proposed "Overview – Necessity of Deciding Each Trade Secret Separately" instruction should be disregarded in its entirety.

**Objections to Steves' Proposed Jury Instruction No. 22**:  JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Elements of the Claims – Trade Secrets Misappropriation" instruction.

JELD-WEN further objects to Steves' proposed "Elements of the Claims – Trade Secrets Misappropriation" instruction as an improper attempt to combine instructions regarding the elements giving rise to a misappropriation claim, with those articulating the damages available for such a claim. Specifically, JELD-WEN objects to Steves' mischaracterization of the DTSA and TUTSA elements to prove liability, which set forth what the plaintiff must prove in order to *prevail on its claims*, rather than "*[t]o recover for* misappropriation of trade secrets," as Steves suggests. *See* Steves' Proposed Instruction No. 22 (emphasis added). Likewise, JELD-WEN objects to Steves' inclusion of a fourth "element," which is not an element of a trade secrets misappropriation claim under either the DTSA or the TUTSA: "Steves and Sons has been unjustly enriched by the misappropriation, or in lieu of that, a reasonable royalty can be determined for Steves and Sons' unauthorized disclosure or use of the trade secret."

Steves' instruction suggests that JELD-WEN must prove damages in order to establish liability. Steves has no basis or explanation for why it has done so, citing only to the trade secret statutes themselves. Steves is incorrect. Both the DTSA and TUTSA separately define the elements of trade secret misappropriation and the types of damages available. *Compare* 18 U.S.C. § 1836(b)(1) ("An owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.") *and* 18 U.S.C. § 1839 (defining "misappropriation" and "trade secret") *with* 18 U.S.C. § 1836(b)(3) (describing the damages the court may award "[i]n a civil action brought under this subsection with respect to the misappropriation of a trade secret"); *compare* Tex. Civ. Prac. & Rem. Code Ann. § 134A.002 (defining "misappropriation" and "trade secret") *with* Tex. Civ. Prac. & Rem. Code Ann. § 134A.004 (providing that "a claimant is entitled to recover damages for misappropriation" and defining the available damages).

Likewise, the model jury instructions and this Court's prior jury instructions in *DuPont* also address the elements of trade secrets misappropriation separately from damages. *Compare* Texas Pattern Jury Charges: Business, Consumer, Insurance & Employment 2016 PJC 111.1-111.2 (providing pattern instructions on "Existence of Trade Secret" and "Trade-Secret Misappropriation" under the TUTSA) *with id.* PJC 155.54-155.55 (providing pattern instructions on "Trade-Secret Misappropriation Damages" and "Actual Damages"); *compare* ABA Business Torts Litigation Committee, Model Jury Instructions: Business Torts Litigation § 8.3 (providing model "Definition of Trade Secret" instructions) *with id.* §§ 8.6-8.7 (providing model "Compensatory Damages" and "Exemplary Damages" instructions); *see also* Jury Instructions of the Court, *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, No. 3:09-cv-00058, Dkt. No. 1516 (E.D. Va. Sept. 14, 2011) (same). Steves' request to conflate the elements of liability and damages would create clear error.

In addition, the instruction omits an element under the DTSA, which requires the plaintiff to establish "that the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b). JELD-WEN had asked Steves to stipulate to the fact that JELD-WEN's alleged trade secrets are related to a product used in, or intended for use in, interstate or foreign commerce but Steves refused, despite alleging this exact fact in its own Complaint.[3] Its omission now suggests it has conceded this element, which as the Court noted it must.[4] This element should be treated as established.

_____

[3] *See* Mar. 22, 2018 Email from D. Fairbanks to R. Kuntz, attached hereto as Exhibit 1.

[4] Indeed, the Court noted recently that "[Steves] also appears to concede [in its summary judgment motion] that the trade secrets relate to interstate or foreign commerce. Indeed, it must do so, as the trade secrets concern the manufacture of doorskins that were, according to Steves' Complaint, sold in interstate commerce." Dkt. No. 1424 (Apr. 16, 2018 Summ. J. Order) at 19-20 (citing Steves' Compl. ¶ 31).

In place of Steves' proposed "Elements of the Claims – Trade Secrets Misappropriation" instruction, the Court should give JELD-WEN's Proposed Jury Instruction No. 26, with the element "that the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce" either removed or treated as established.

**Objections to Steves' Proposed Jury Instruction No. 23**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Definition of 'Owner'" instruction.

**Objections to Steves' Proposed Jury Instruction No. 24**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Definition of 'Trade Secret'" instruction.

JELD-WEN further objects to the inclusion of the definition of "proper means" and "improper means" in this instruction, which relates to the definition of a trade secret. Understanding the definition of "improper means" is necessary to determining whether *misappropriation* of a trade secret has occurred and has nothing to do with whether the information *constitutes* a trade secret. This instruction is out of place and will confuse the jury. It belongs after the misappropriation instruction, where JELD-WEN has placed it. Further, JELD-WEN objects to Steves defining "proper means" before "improper means." Both the TUTSA and DTSA first provide a definition of "improper means," and subsequently provide a definition of "proper means." *See* 18 U.S.C. § 1839(6) ("[T]he term 'improper means'-- (A) includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and (B) does not include reverse engineering, independent derivation, or any other lawful means of acquisition."); Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(2) ("'Improper means' includes theft, bribery, misrepresentation, breach or

inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret, or espionage through electronic or other means."); Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(4) ("'Proper means' means discovery by independent development, reverse engineering unless prohibited, or any other means that is not improper means."). That only makes sense, given that acquisition by "improper means" of its trade secrets, or disclosure or use of its trade secrets acquired by "improper means," is what JELD-WEN must prove. Steves reverses the order of these definitions without explanation or basis.

In place of Steves' proposed ""Definition of 'Trade Secret'" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction Nos. 27 and 34.

**Objections to Steves' Proposed Jury Instruction No. 25**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "'Not Generally Known' Defined" instruction. Steves fails to acknowledge that this instruction applies both to JELD-WEN's TUTSA and DTSA claims.

**Objections to Steves' Proposed Jury Instruction No. 26**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Independent Economic Value" instruction. Steves fails to acknowledge that this instruction applies both to JELD-WEN's TUTSA and DTSA claims.

JELD-WEN also objects to Steves' utilization of the term "plaintiff" rather than "JELD-WEN." JELD-WEN requests that Steves replace the references to "plaintiff" with "JELD-WEN."

**Objections to Steves' Proposed Jury Instruction No. 27**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "'Reasonable Efforts to Maintain Secrecy' Explained" instruction.

JELD-WEN further objects to Steves' use of the phrase "reasonable efforts to maintain secrecy," rather than "reasonable measures," which is the language employed by the DTSA and TUTSA. *See* 18 U.S.C. § 1839(3); Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(6). There is no reason to depart from the text of the statutes.

In place of Steves' proposed "'Reasonable Efforts to Maintain Secrecy' Explained" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction No. 31.

**Objections to Steves' Proposed Jury Instruction No. 28**: JELD-WEN objects to Steves' proposed "Right of Former Employee to Use General Knowledge, Skills, and Experience" instruction as irrelevant and improper. The right of a former employee to use general knowledge, skills, and experience obtained through previous employment to compete with his former employer is not an element of trade secret misappropriation under the DTSA or TUTSA.

First, Steves cites to section 134A.003(a) of the TUTSA, which does not pertain to trade secret claims for damages, but rather requests for injunctive relief. This section of the statute provides: "Actual or threatened misappropriation may be enjoined if the order does not prohibit a person from using general knowledge, skill, and experience that person acquired during employment." Tex. Civ. Prac. & Rem. Code Ann. § 134A.003(a). This section of the statute therefore sets forth the circumstances under which a party *can obtain an injunction*, which is, of course, the province of the Court, not the jury. *See* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. Ch. 16-A ("Generally, where plaintiff seeks money damages, there is a right to jury trial. On the other hand, where plaintiff seeks equitable relief (e.g., injunction), a jury trial is not required."). Given that the jury will not determine whether JELD-WEN is entitled to equitable relief, this section of the TUTSA has no relevance here.

Steves also attempts to rely on the Texas Pattern Jury Charges as support.  The Texas Pattern Jury Charges make clear, however, that the TUTSA "does not expressly address use of trade secret information by former employees."  Texas Pattern Jury Charges:  Business, Consumer, Insurance & Employment 2016 PJC 111.2.  It suggests in the comments that "the court *may* provide" the instruction that Steves requests, and explains that the "instruction is derived from" *Sharma v. Vinmar International, Ltd.*, 231 S.W.3d 405, 424 (Tex. App. 2007) and *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 21–22 (Tex. App. 1998).  *Id.* (emphasis added).  These are the same two cases that Steves cites in support of its proposed jury instruction.  Neither case, however, controls.

Both *Sharma* and *T-N-T Motorsports* were decided before the TUTSA went into effect in September 2013.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 134A.001 (providing that the TUTSA became effective on Sept. 1, 2013).  Moreover, both *Sharma* and *T-N-T Motorsports* suggest, like the text of the TUTSA itself, that a person's general knowledge, skill, and experience acquired during employment are relevant in the context of injunctive relief, but include no findings regarding the relevance to misappropriation claims for compensatory damages.  For example, in *Sharma*, the appellate court affirmed the lower court's grant of a temporary injunction against the appellants, finding that the appellee established a probable right to relief because it "established that the information is entitled to trade secret protection pending the trial on the merits."  231 S.W.3d at 423-24.  The appellate court expressly recognized that the lower court *did not* decide whether "the protected information" was in fact "a trade secret."  *Id.* at 424.  Likewise, in *T-N-T* motorsports, the appellate court affirmed a temporary injunction "enjoining former employees from using information regarding, or working on, three types of motor vehicles they had worked on for their former employer," but did not address the trade secrets claim on the merits.  965

14

S.W.2d at 20. Clearly, neither case establishes that Steves proposed "Right of Former Employee to Use General Knowledge, Skills, and Experience" instruction is proper in this case, when the jury will not be assessing JELD-WEN's request for injunctive relief.

In addition, even if this instruction were appropriate under the TUTSA—which it is not— Steves provides no justification or support for providing such an instruction under the DTSA.

Steves' proposed "Right of Former Employee to Use General Knowledge, Skills, and Experience" instruction should be disregarded in its entirety.

**Objections to Steves' Proposed Jury Instruction No. 29**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Definition of 'Misappropriation'" instruction.

**Objections to Steves' Proposed Jury Instruction No. 30**: JELD-WEN objects to Steves' proposed "How to Decide Each Trade Secret" instruction as duplicative and unsupported by the law. First, this instruction is entirely repetitive of Steves' Proposed Jury Instruction No. 22, which lays out the elements that JELD-WEN must prove by a preponderance of the evidence, and Steves' Proposed Jury Instruction No. 24, which informs the jury that the term "trade secret" refers to information that "(A) the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret; (B) and the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." Steves provides no explanation for its repetition of this same information in this instruction.

Second, not only does Steves cite no authority whatsoever for this proposed instruction but the second half of the instruction, regarding JELD-WEN's Trade Secret No. 23, also directly

contradicts the Court's findings during the April 13, 2018, hearing on Steves' motion for sanctions. The Court denied Steves' motion for sanctions in its entirety, including its request for this proposed jury instruction.  Apr. 13, 2018 Hr'g Tr. at 36:3-10 (denying Steves' Rule 37 motion for sanctions); *see also* Dkt. No. 1308 (Steves' Mot. for Sanctions) at 29 (requesting that the jury be instructed that Trade Secret "No. 23; for that alleged combination trade secret, the various facts may be known or ascertainable so long as they are not known or ascertainable in combination.").  In the event that Steves presents evidence that certain components of JELD-WEN's trade secrets are generally known, the Court suggested the parties use the *DuPont* "Trade Secrets that Contain Public Information," instruction, which JELD-WEN included as Proposed Instruction No. 30. Apr. 13, 2018 Hr'g Tr. at 33:25-35:8.

Steves' proposed "How to Decide Each Trade Secret" instruction should be disregarded in its entirety.

**Objections to Steves' Proposed Jury Instruction No. 31**:  JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Damages for Trade Secret Misappropriation" instruction.

JELD-WEN further objects to this proposed instruction as an improper attempt to combine what should be three separate instructions regarding 1) compensatory damages, generally, 2) unjust enrichment damages, and 3) reasonable royalty damages.  Steves provides no explanation for why it has combined these instructions into one lengthy and overly-complicated instruction. As Steves has assembled it, this instruction is very likely to confuse the jury.  *U.S. v. Romer*, 148 F.3d 359, 367 (4th Cir. 1998) (upholding the district court's refusal to give instruction that "threatened to confuse the jury's understanding of applicable law."), *abrogated on other grounds by Neder v. U.S.*, 527 U.S. 1 (1991); *see also Dranchak v. Akzo Am., Inc.*, No. 92 C 1295, 1993

U.S. Dist. LEXIS 12566, *6-7 (N.D. Ill. Sep. 9, 1993) (refusing party's request to give instructions that were "too long," "unduly complicated," "likely to confuse the jury with . . . unnecessary language," "duplicative," and that "unduly emphasize[d] defendant's version of the facts").

Moreover, Steves provides no explanation or basis for cherry-picking from four different sources—the jury instructions of the Court in *DuPont*, the jury instructions of the Court in the first antitrust trial, the ABA model jury instructions, and the Texas Pattern Jury Charges—rather than simply utilizing the *DuPont* instructions, as ordered by the Court.  Worse still, Steves provides no source whatsoever for its proposed instruction stating:  "Similarly, if you reach a verdict for Steves and Sons on the issue of liability for misappropriation of some of the pieces of information that JELD-WEN claims is a trade secret, as listed in CPX ___, then you should not consider the issue of damages as to such pieces of information.  You should consider damages only as to those pieces of information that JELD-WEN claims is a trade secret, as listed in CPX ___, for which you reach a verdict of JELD-WEN."  This instruction is confusing and unfounded.  It is also not appropriate for jury instructions and will, instead, be explained fully on the verdict form.

Lastly, Steves provides an incomplete and cursory instruction on reasonable royalty damages.  Steves' proposed instruction does not outline the factors that the jury may consider in determining the amount of a reasonable royalty, which is critical information.

In place of Steves' proposed "Damages for Trade Secret Misappropriation" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instruction Nos. 35, 36, and 37.  JELD-WEN's proposed instructions on "Compensatory Damages – General" and "Unjust Enrichment for Misappropriation of Trade Secrets" are based entirely on the *DuPont* instructions and the updated edition of Federal Jury Practice & Instructions, on which the *DuPont* instructions relied.  Because there was no reasonable royalty instruction in *DuPont*, JELD-WEN's "Reasonable

Royalty Damages for Misappropriation of Trade Secrets" instruction is taken from the American Bar Association Business Torts Litigation Committee's model jury instructions.

**Objections to Steves' Proposed Jury Instruction No. 32**: JELD-WEN incorporates and reasserts its General Objection No. 3 in response to Steves' proposed "Willful and Malicious Allegation – Clear and Convincing Evidence" instruction. Steves' proposed instruction is wrong as a matter of law as it fails to acknowledge that this is one of the instances in which the DTSA and TUTSA standards diverge. Under the TUTSA, the jury may award exemplary damages if it finds that JELD-WEN proved willful and malicious misappropriation by clear and convincing evidence. In contrast, the DTSA does not require clear and convincing evidence. Steves' proposed instruction, however, glosses over this distinction and simply states: "To find that a defendant engaged in willful and malicious misappropriation, you must find that JELD-WEN has proved willful and malicious misappropriation by clear and convincing evidence."

In addition, JELD-WEN incorporates and reasserts its General Objection No. 2. Steves' proposed instruction is incomplete. Although it provides a definition of "willful and malicious," to which JELD-WEN objects to on other grounds, neither this instruction nor any other proposed instruction explains that the jury may award exemplary damages in an amount not more than two times the amount awarded for exemplary damages if it finds Steves engaged in willful and malicious misappropriation. 2d Modern Fed. Jury Instructions-Civil 11.5 (2018); 18 U.S.C. § 1836(b)(3)(C); Tex. Civ. Prac. & Rem. Code Ann. §§ 134A.002(1-a), 134A.004(b).

Lastly, Steves' definition of "willful and malicious" is wrong as a matter of law. Rather than utilize the definition of "willful and malicious" expressly provided in the TUTSA, *see* Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(7) ("'Willful and malicious misappropriation' means intentional misappropriation resulting from the conscious disregard of the rights of the owner of

the trade secret."), Steves instead relies on *pre-TUTSA* Texas case law interpreting Tex. Civ. Prac. & Rem. Code Ann. § 41.001(7)—a separate portion of the Texas code. *See* Steves Proposed Jury Instructions at 43 n.41 (citing *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F. 3d 867 (5th Cir. 2013); *Bennett v. Reynolds*, 315 S.W.3d 867, 872 (Tex. 2010) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 41.001(7)); *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 22 (Tex. App. 2005) ("specific intent," in turn, exists if "the actor desires to cause the consequences of his act, or he believes the consequences are substantially certain to result from it") (citing *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985)).  All three cases that Steves' cites provide interpretations of malice for exemplary damages under Tex. Civ. Prac. & Rem. Code Ann. § 41.001(7), rather than the TUTSA.  Steves utterly fails to explain how this definition of "malice," which "covers intentional torts and gross negligence" applies to trade secrets misappropriation that occurred after the TUTSA was enacted in 2013.  *Bennett*, 315 S.W.3d at 871.  Steves does not cite to a single source suggesting that the TUTSA requires "specific intent by the defendant to cause substantial injury or harm to the plaintiff" in order to find that the misappropriation was malicious.

In place of Steves' proposed "Willful and Malicious Allegation – Clear and Convincing Evidence" instruction, JELD-WEN requests that the Court give JELD-WEN's Proposed Jury Instructions Nos. 33 and 38.

**Objections to Steves' Proposed Jury Instruction No. 33:**  None.

Dated: April 19, 2018

Respectfully submitted,

JELD-WEN, Inc.

By counsel

/s/Ryan T. Andrews
Ryan T. Andrews (VSB# 90519)
Margaret M. Zwisler *(pro hac vice)*
J. Scott Ballenger *(pro hac vice)*

Allyson M. Maltas (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
(202) 637-2200 – Tel.
(202) 637-2201 – Fax
margaret.zwisler@lw.com
scott.ballenger@lw.com
allyson.maltas@lw.com
ryan.andrews@lw.com

Alfred C. Pfeiffer (*pro hac vice*)
Sarah M. Ray (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 – Tel.
(415) 395-8095 – Fax
al.pfeiffer@lw.com
sarah.ray@lw.com

Lawrence E. Buterman *(pro hac vice)*
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200 – Tel.
(212) 751-4864 – Fax
lawrence.buterman@lw.com

Michael W. Smith (VSB #01125)
Craig T. Merritt (VSB #20281)
R. Braxton Hill, IV (VSB # 41539)
Harrison M. Gates (VSB #80385)
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4100 –  Tel.
(804) 697-4112 – Fax
msmith@cblaw.com
cmerritt@cblaw.com
bhill@cblaw.com
hgates@cblaw.com

*Attorneys for Defendant and Counterclaimant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of April 2018, I caused a copy of the foregoing to be

served on the following:

   Lewis F. Powell III
   John S. Martin
   Alexandra L. Klein
   Maya M. Eckstein
   Douglas M. Garrou
   R. Dennis Fairbanks, Jr.
   Hunton & Williams LLP
   Riverfront Plaza, East Tower
   951 East Byrd Street
   Richmond, VA 23219
   (804) 788-8200 – Tel.
   (804) 788-8218 – Fax
   lpowell@hunton.com
   martinj@hunton.com
   aklein@hunton.com
   meckstein@hunton.com
   dgarrou@hunton.com
   dfairbanks@hunton.com

   Ted Dane
   Glenn Pomerantz
   Gregory Sergi
   Munger, Tolles & Olson LLP
   350 South Grand Avenue, 50th Floor
   Los Angeles, CA 90071
   (213) 683-9288 – Tel.
   (213) 683-4088 – Fax
   ted.dane@mto.com
   glenn.pomerantz@mto.com
   gregory.sergi@mto.com

   Kyle Mach
   Joshua Patashnik
   Emily C. Curran-Huberty
   Munger, Tolles & Olson LLP
   560 Mission Street, 27th Floor
   San Francisco, CA 94105
   (415) 512-4000 – Tel.
   (415) 512-4077 – Fax
   kyle.mach@mto.com

josh.patashnik@mto.com
emily.curran-huberty@mto.com

*Attorneys for Plaintiff and Counterdefendant*

Dana D. McDaniel
Patricia Bugg Turner
Edward E. Bagwell
Spotts Fain, P.C.
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 – Tel.
(804) 697-2100 – Fax
dmcdaniel@spottsfain.com
pturner@spottsfain.com
ebagnell@spottsfain.com

William H. Ford
Veronica S. Wolfe
Ford Murray
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
(210) 731-6400 – Tel.
(210) 731-6401 – Fax
bill.ford@fordmurray.com
veronica.wolfe@fordmurray.com

*Attorneys for John G. Pierce*

Marvin G. Pipkin
Kortney Kloppe-Orton
Pipkin Law
10001 Reunion Place, Suite 6400
San Antonio, TX 78216
(210) 731-6495 – Tel.
(210) 293-2139 – Fax

*Of Counsel*

/s/Ryan T. Andrews
Ryan T. Andrews (VSB# 90519)
Margaret M. Zwisler (*pro hac vice*)
J. Scott Ballenger (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)

Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
(202) 637-2200 – Tel.
(202) 637-2201 – Fax
margaret.zwisler@lw.com
scott.ballenger@lw.com
allyson.maltas@lw.com
ryan.andrews@lw.com

Alfred C. Pfeiffer (*pro hac vice*)
Sarah M. Ray (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 – Tel.
(415) 395-8095 – Fax
al.pfeiffer@lw.com
sarah.ray@lw.com

Lawrence E. Buterman *(pro hac vice)*
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200 – Tel.
(212) 751-4864 – Fax
lawrence.buterman@lw.com

Michael W. Smith (VSB #01125)
Craig T. Merritt (VSB #20281)
R. Braxton Hill, IV (VSB # 41539)
Harrison M. Gates (VSB #80385)
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4100 –  Tel.
(804) 697-4112 – Fax
msmith@cblaw.com
cmerritt@cblaw.com
bhill@cblaw.com
hgates@cblaw.com

*Attorneys for Defendant and Counterclaimant*