# **EXHIBIT C**

1    difficult.  Let's talk next week; Edward."  That's what the
2    email says.
3              The questioning goes on to say, "Did you end up
4    talking on the phone about the questions that you raised," and
5    the answer is, "We did not."  So there's deposition testimony
6    that says they didn't discuss this stuff.
7              MR. PFEIFFER:  That doesn't go to the admissibility
8    of this document.
9              THE COURT:  It does as to the adopted admission part
10   of it, but that's not why you're offering it.  Okay.  What
11   about 403?  You have a 403 on 123.
12             MR. FORD:  We have a 403 as to that.  As to 123 and
13   that entire grouping we're talking about, we simply think
14   they're more prejudicial than probative as to Pierce.  Again,
15   there are no claims made against Pierce, there are no
16   allegations, no specific claims of conspiracy made against Mr.
17   Pierce.
18             MR. PFEIFFER:  Mr. Pierce is an intervenor --
19             THE COURT:  We need to look at the document.
20             MR. FORD:  The grouping of that is number --
21             THE COURT:  120, 122, 123, 124, and 127.
22             MR. FORD:  Yes, sir, and 139.
23             MR. PFEIFFER:  Your Honor, if I may address, I'm not
24   sure that Mr. Pierce even has position to make a 403 argument,
25   certainly not the one he made.  He intervened in this case.  We

1  are actually not asserting claims against him here.  He

2  interjected himself into the case.  These are bad documents for

3  him.  That does not make them prejudicial under 403.  These go

4  to direct issues.  There's a lot of things in here, and this

5  actually talks about specific information.

6          THE COURT:  You are talking about this.  I only deal

7  with one document at a time unless you tell me they're the

8  same, and they're not.

9          MR. PFEIFFER:  My apologies, Your Honor.  I was still

10 referring to CPX-123, but in that document, there is a detailed

11 discussion about doing work for them, about billing them for

12 the work, and then it goes into I'm also interested in talking

13 with you more about the chance that they might make trouble

14 under nondisclosure rather than noncompete.  This is all

15 actually just further evidence of the agency and of the

16 conspiracy.  It is directly relevant.  This is not a 403

17 marginal relevance document.

18         MR. MARTIN:  Steves also has a Rule 403 objection,

19 Your Honor --

20         THE COURT:  To what?

21         MR. MARTIN:  To CPX-123.  So what Mr. Pierce is

22 saying in 123, he wants to talk not about --

23         THE COURT:  What's the objection?  What part are you

24 objecting to?

25         MR. MARTIN:  Paragraph five of Exhibit 123 that