JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT BECOMES MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT AS TO THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN THE INSTRUCTIONS OF THE COURT, AND TO APPLY THE RULES OF LAW SO GIVEN TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE GOVERNING RULES OF LAW IN THEIR ARGUMENTS. IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT STATED BY THE COURT IN THESE INSTRUCTIONS, YOU OF COURSE ARE TO BE GOVERNED BY THE INSTRUCTIONS. REMEMBER, HOWEVER, THAT YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULES OF LAW STATED BY THE COURT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT; JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS,

TO BASE A VERDICT UPON ANYTHING BUT THE EVIDENCE IN THE CASE.

JUSTICE THROUGH TRIAL BY JURY MUST ALWAYS DEPEND UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH AS TO THE FACTS FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS; AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW, AS GIVEN IN THE INSTRUCTIONS OF THE COURT.

JURY INSTRUCTION NO. 2

YOU ARE TO PERFORM THIS DUTY WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION. THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

JURY INSTRUCTION NO. 3

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE. A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS A PRIVATE INDIVIDUAL. ALL PERSONS, INCLUDING CORPORATIONS, STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

JURY INSTRUCTION NO. 4

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD TREAT ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE FOR ONLY THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND TO GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

JURY INSTRUCTION NO. 5

IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EXHIBITS WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE. YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE OBJECTIONS.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING TO YOU WHAT I BELIEVE THE OUTCOME OF THE CASE SHOULD BE.

JURY INSTRUCTION NO. 7

DURING THE COURSE OF A TRIAL, I HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS RELATED. THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER - NOT TO HELP ONE SIDE OF THE CASE OR HURT ANOTHER SIDE.

JURY INSTRUCTION NO. 8

THE EVIDENCE IN THE CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH HAVE BEEN ADMITTED OR STIPULATED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, HOWEVER, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

STATEMENTS, ARGUMENTS, QUESTIONS AND OBJECTIONS OF COUNSEL ARE NOT EVIDENCE IN THE CASE. ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND MUST BE ENTIRELY DISREGARDED.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY. YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF EXPERIENCE.

JURY INSTRUCTION NO. 9

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

JURY INSTRUCTION NO. 10

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF A CASE - DIRECT AND CIRCUMSTANTIAL EVIDENCE. DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS; CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE IN THE CASE.

## JURY INSTRUCTION NO. 11

SOMETIMES EVIDENCE MAY BE ADMITTED CONCERNING ONLY A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL PURPOSES. FOR THE LIMITED PURPOSE FOR WHICH THIS EVIDENCE HAS BEEN RECEIVED YOU MAY GIVE IT SUCH WEIGHT AS YOU FEEL IT DESERVES. YOU MAY NOT, HOWEVER, USE THIS EVIDENCE FOR ANY OTHER PURPOSE NOT SPECIFICALLY MENTIONED.

JURY INSTRUCTION NO. 12

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS.

JURY INSTRUCTION NO. 13

DURING THE TRIAL, CERTAIN TESTIMONY HAS BEEN PRESENTED BY WAY OF DEPOSITION. THE DEPOSITION CONSISTED OF SWORN, RECORDED ANSWERS TO QUESTIONS ASKED OF THE WITNESS IN ADVANCE OF THE TRIAL BY ATTORNEYS FOR THE PARTIES TO THE CASE. THE TESTIMONY OF A WITNESS WHO IS NOT PRESENT TO TESTIFY FROM THE WITNESS STAND MAY BE PRESENTED IN WRITING UNDER OATH OR BY VIDEO RECORDING. SUCH TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED AS TO CREDIBILITY, AND WEIGHED, AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS POSSIBLE, IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND.

JURY INSTRUCTION NO. 14

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES, AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF HIS AUTHORITY DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

JURY INSTRUCTION NO. 16

CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU IN ORDER TO HELP EXPLAIN FACTS DISCLOSED BY BOOKS, RECORDS, AND OTHER DOCUMENTS IN EVIDENCE IN THE CASE. THESE CHARTS OR SUMMARIES ARE NOT THEMSELVES EVIDENCE OR PROOF OF ANY FACTS. IF THE CHARTS OR SUMMARIES DO NOT CORRECTLY REFLECT FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THEM.

THE CHARTS AND SUMMARIES ARE USED ONLY AS A MATTER OF CONVENIENCE. TO THE EXTENT THAT YOU FIND THEY ARE NOT TRUTHFUL SUMMARIES OF FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU ARE TO DISREGARD THEM ENTIRELY.

THE SAME INSTRUCTION APPLIES FOR DEMONSTRATIVE EXHIBITS USED TO AID TESTIMONY EVIDENCE.

JURY INSTRUCTION NO. 17

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF. CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR AND MANNER WHILE ON THE STAND. CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE THE JURY TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AND INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO

A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH CREDIBILITY, IF ANY, AS YOU MAY THINK IT DESERVES.

JURY INSTRUCTION NO. 18

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT. THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS OF A WITNESS NOT A PARTY TO THE ACTION ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL. IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY, IF ANY, TO BE GIVEN THE TESTIMONY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

WHERE, HOWEVER, THE WITNESS IS A PARTY TO THE CASE, AND BY SUCH STATEMENT, OR OTHER CONDUCT, ADMITS SOME FACT OR FACTS, THEN SUCH STATEMENT OR OTHER CONDUCT, IF KNOWINGLY MADE OR DONE, MAY BE CONSIDERED AS EVIDENCE OF THE TRUTH OF THE FACT OR FACTS SO ADMITTED BY SUCH PARTY, AS WELL AS FOR THE PURPOSE OF JUDGING THE CREDIBILITY OF THE PARTY AS A WITNESS.

JURY INSTRUCTION NO. 19

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT ISSUES IN THE CASE. AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES." AN EXPERT WITNESS IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA. IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN EXPERT WITNESS IN THAT AREA MAY STATE AN OPINION AS TO RELEVANT AND MATERIAL MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, INCLUDING THAT OF OTHER EXPERT WITNESSES, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY. AS I HAVE TOLD YOU SEVERAL TIMES, YOU – THE JURY – ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

JURY INSTRUCTION NO. 20

YOU HAVE HEARD TESTIMONY FROM JAMES MORRISON BOTH AS A FACT WITNESS AND AS AN EXPERT WITNESS. THE INSTRUCTION I HAVE GIVEN YOU ABOUT EXPERT OPINIONS APPLIES ONLY TO THE EXTENT THAT MR. MORRISON TESTIFIED AS AN EXPERT WITNESS.

JURY INSTRUCTION NO. 21

A NON-EXPERT WITNESS MAY ALSO GIVE AN OPINION IF IT IS BASED ON HIS OR HER PERSONAL KNOWLEDGE AND IS RATIONALLY BASED ON HIS OR HER PERCEPTION. IF YOU FIND THAT AN OPINION OF A NON-EXPERT WITNESS IS BASED ON PERSONAL KNOWLEDGE AND IS RATIONALLY BASED ON THE WITNESS'S PERCEPTION, YOU MAY CONSIDER IT AND GIVE IT SUCH WEIGHT AS YOU CONSIDER APPROPRIATE.

JURY INSTRUCTION NO. 22

THE PLAINTIFF, JELD-WEN, INC. - WHICH I WILL CALL "JELD-WEN" - HAS ALLEGED TWO CLAIMS IN THIS LAWSUIT, BOTH BASED ON THE MISAPPROPRIATION OF TRADE SECRETS BY STEVES AND SONS, INC. - WHICH I WILL CALL "STEVES." THOSE CLAIMS OVERLAP IN MANY RESPECTS. HOWEVER, TO THE EXTENT THAT THOSE CLAIMS ARE DIFFERENT, YOU MUST CONSIDER EACH CLAIM SEPARATELY BASED ON THE EVIDENCE AND THE INSTRUCTIONS THAT I GIVE YOU ON EACH CLAIM.

JURY INSTRUCTION NO. 23

IN COUNT ONE OF THE COMPLAINT, JELD-WEN ALLEGES THAT STEVES' MISAPPROPRIATED JELD-WEN'S TRADE SECRETS IN VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT – WHICH I WILL CALL THE "FEDERAL ACT."

IN COUNT THREE OF THE COMPLAINT, JELD-WEN ALLEGES THAT STEVES' MISAPPROPRIATED JELD-WEN'S TRADE SECRETS IN VIOLATION OF THE TEXAS UNIFORM TRADE SECRETS ACT – WHICH I WILL CALL THE "TEXAS ACT."

JURY INSTRUCTION NO. 24

IN ORDER TO PROVE THAT STEVES VIOLATED THE FEDERAL ACT, JELD-WEN MUST PROVE FOUR ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

    (1) THAT JELD-WEN OWNS CERTAIN INFORMATION THAT CONSTITUTES A TRADE SECRET; AND

    (2) THAT STEVES MISAPPROPRIATED THE TRADE SECRET; AND

    (3) THAT THE TRADE SECRET WAS MISAPPROPRIATED (IN THAT IT WAS ACQUIRED, DISCLOSED, OR USED, AS EXPLAINED IN INSTRUCTION NO. 32) ON OR AFTER MAY 11, 2016; AND

    (4) THAT THE TRADE SECRET IS RELATED TO A PRODUCT OR SERVICE USED IN, OR INTENDED FOR USE IN, INTERSTATE OR FOREIGN COMMERCE.

IF JELD-WEN FAILS TO PROVE THESE ELEMENTS FOR ANY OF THE INFORMATION THAT IT ASSERTS IS A TRADE SECRET, LISTED IN THE NOTEBOOK YOU WERE PROVIDED, THEN STEVES IS NOT LIABLE FOR MISAPPROPRIATION OF THAT PARTICULAR INFORMATION.

JURY INSTRUCTION NO. 25

"A PREPONDERANCE OF THE EVIDENCE" MEANS EVIDENCE, WHICH AS A WHOLE, SHOWS THAT THE FACT SOUGHT TO BE PROVED IS MORE PROBABLE THAN NOT. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THE EVIDENCE OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. THIS STANDARD DOES NOT REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, UNLESS OTHERWISE INSTRUCTED YOU MAY CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

JURY INSTRUCTION NO. 26

THE TERM "TRADE SECRET" MEANS ALL FORMS AND TYPES OF FINANCIAL, BUSINESS, SCIENTIFIC, TECHNICAL, ECONOMIC, OR ENGINEERING INFORMATION, INCLUDING PATTERNS, PLANS, COMPILATIONS, PROGRAM DEVICES, FORMULAS, DESIGNS, PROTOTYPES, METHODS, TECHNIQUES, PROCESSES, PROCEDURES, PROGRAMS, OR CODES, WHETHER TANGIBLE OR INTANGIBLE, AND WHETHER OR HOW STORED, COMPILED, OR MEMORIALIZED PHYSICALLY, ELECTRONICALLY, GRAPHICALLY, PHOTOGRAPHICALLY, OR IN WRITING IF:

(A) THE OWNER THEREOF HAS TAKEN REASONABLE MEASURES TO KEEP SUCH INFORMATION SECRET; AND

(B) THE INFORMATION DERIVES INDEPENDENT ECONOMIC VALUE, ACTUAL OR POTENTIAL, FROM NOT BEING GENERALLY KNOWN TO, AND NOT BEING READILY ASCERTAINABLE THROUGH PROPER MEANS BY, ANOTHER PERSON WHO CAN OBTAIN ECONOMIC VALUE FROM THE DISCLOSURE OR USE OF THE INFORMATION.

JURY INSTRUCTION NO. 27

THE TERM "OWNER", WITH RESPECT TO A TRADE SECRET, MEANS THE PERSON OR ENTITY IN WHOM OR IN WHICH RIGHTFUL LEGAL OR EQUITABLE TITLE TO, OR LICENSE IN, THE TRADE SECRET IS REPOSED.

JURY INSTRUCTION NO. 28

A TRADE SECRET MUST BE THE SUBJECT OF MEASURES THAT ARE REASONABLE UNDER THE CIRCUMSTANCES TO MAINTAIN ITS SECRECY. THERE IS NO PRECISE DEFINITION OF WHAT "REASONABLE MEASURES" ARE; WHAT IS REASONABLE DEPENDS ON THE SPECIFIC CIRCUMSTANCES PRESENTED IN THIS CASE. IN THIS REGARD, YOU MAY CONSIDER: (1) WHETHER JELD-WEN MADE IT A PRACTICE TO INFORM ITS EMPLOYEES OR OTHERS INVOLVED WITH ITS BUSINESS THAT THE INFORMATION WAS A TRADE SECRET AND/OR WAS TO BE KEPT CONFIDENTIAL; (2) WHETHER JELD-WEN REQUIRED EMPLOYEES OR OTHERS INVOLVED WITH ITS BUSINESS TO SIGN CONFIDENTIALITY AGREEMENTS REGARDING THE INFORMATION; (3) WHETHER JELD-WEN ENFORCED THE CONFIDENTIALITY AGREEMENTS; (4) WHETHER JELD-WEN RESTRICTED ACCESS TO THE INFORMATION ON A "NEED TO KNOW" BASIS; AND (5) WHETHER JELD-WEN GENERALLY MAINTAINED REASONABLE SECURITY TO PROTECT THE ALLEGED TRADE SECRET AND DID NOT VOLUNTARILY DISCLOSE IT TO OTHERS, EXCEPT IN CONFIDENCE.

ABSOLUTE SECRECY IS NOT NECESSARY FOR INFORMATION TO QUALIFY AS A TRADE SECRET. THERE IS NO REQUIREMENT THAT NO ONE ELSE IN THE WORLD POSSESS THE INFORMATION. RATHER, JELD-WEN MUST DEMONSTRATE THAT THE INFORMATION WAS KNOWN ONLY TO IT OR DISCLOSED TO OTHERS, IN CONFIDENCE.

JURY INSTRUCTION NO. 29

A TRADE SECRET MUST DERIVE INDEPENDENT ECONOMIC VALUE FROM THE FACT THAT IT IS NOT GENERALLY KNOWN OR NOT READILY ASCERTAINABLE BY PROPER MEANS. STATED ANOTHER WAY, A TRADE SECRET MUST BE VALUABLE EITHER TO JELD-WEN OR TO ITS BUSINESS RIVALS IN THE SENSE THAT, AS LONG AS IT IS SECRET, THE INFORMATION PROVIDES JELD-WEN WITH AN ACTUAL OR POTENTIAL COMPETITIVE ADVANTAGE OVER ITS RIVALS.

JURY INSTRUCTION NO. 30

INFORMATION THAT IS GENERALLY KNOWN TO THE PUBLIC AT LARGE OR TO PEOPLE IN AN INDUSTRY CANNOT BE A TRADE SECRET. IF THE PRINCIPAL PERSONS WHO CAN OBTAIN ECONOMIC BENEFIT FROM INFORMATION ARE AWARE OF IT, THERE IS NO TRADE SECRET.

NOR CAN INFORMATION BE CONSIDERED A TRADE SECRET IF IT WOULD BE ASCERTAINABLE WITH REASONABLE EASE BY OTHER PERSONS WHO CAN OBTAIN ECONOMIC VALUE FROM ITS DISCLOSURE OR USE BY PROPER MEANS, SUCH AS FROM PUBLICLY AVAILABLE INFORMATION SUCH AS TRADE JOURNALS, REFERENCE BOOKS, PUBLISHED MATERIALS, GOVERNMENT RECORDS, OR INFORMATION SUBMITTED TO A GOVERNMENT ENTITY.

JURY INSTRUCTION NO. 31

A TRADE SECRET MAY BE COMPRISED OF SEVERAL ELEMENTS. A TRADE SECRET MAY EXIST IF SOME, OR EVEN ALL, OF ITS INDIVIDUAL ELEMENTS ARE PUBLIC, PROVIDED THAT THE TRADE SECRET AS A WHOLE REMAINS CONFIDENTIAL.

ONE OF THE ALLEGED TRADE SECRETS, NO. 23, INCLUDES INDIVIDUAL COMPONENTS, SOME OR ALL OF WHICH MAY BE IN THE PUBLIC DOMAIN. FOR THAT PARTICULAR TRADE SECRET, THE TRADE SECRET IS ALLEGED TO CONSIST OF THE INFORMATION CONSIDERED AS A WHOLE, NOT THE INDIVIDUAL COMPONENTS. YOU MUST DETERMINE THAT JELD-WEN PROVED TRADE SECRET MISAPPROPRIATION WITH REGARD TO THE TRADE SECRET AS A WHOLE, NOT AS TO ITS INDIVIDUAL PARTS.

TS 23 only

JURY INSTRUCTION NO. 31-A

FORMER EMPLOYEES MAY USE GENERAL KNOWLEDGE, SKILLS, AND EXPERIENCE OBTAINED THROUGH PREVIOUS EMPLOYMENT IN WORKING ELSEWHERE. A FORMER EMPLOYEE MAY NOT, HOWEVER, USE TRADE SECRETS ACQUIRED DURING THE EMPLOYMENT RELATIONSHIP IN A MANNER ADVERSE TO HIS FORMER EMPLOYER.

JURY INSTRUCTION NO. 32

JELD-WEN HAS THE BURDEN OF PROVING, BY A PREPONDERANCE OF THE EVIDENCE, THAT STEVES MISAPPROPRIATED THE TRADE SECRETS AT ISSUE IN THIS CASE. MISAPPROPRIATION MEANS:

(A) ACQUISITION OF A TRADE SECRET OF ANOTHER BY A PERSON WHO KNOWS OR HAS REASON TO KNOW THAT THE TRADE SECRET WAS ACQUIRED BY IMPROPER MEANS; OR

(B) DISCLOSURE OR USE OF A TRADE SECRET OF ANOTHER WITHOUT EXPRESS OR IMPLIED CONSENT--

(i) BY A PERSON WHO USED IMPROPER MEANS TO ACQUIRE KNOWLEDGE OF THE TRADE SECRET;

(ii) BY A PERSON WHO, AT THE TIME OF DISCLOSURE OR USE, KNEW OR HAD REASON TO KNOW THAT THE KNOWLEDGE OF THE TRADE SECRET WAS--

(I) DERIVED FROM OR THROUGH A PERSON WHO HAD USED IMPROPER MEANS TO ACQUIRE THE TRADE SECRET;

(II) ACQUIRED UNDER CIRCUMSTANCES GIVING RISE TO A DUTY TO MAINTAIN THE SECRECY OF THE TRADE SECRET OR LIMIT THE USE OF THE TRADE SECRET; OR

           (III) DERIVED FROM OR THROUGH A PERSON WHO OWED A DUTY TO THE PERSON SEEKING RELIEF TO MAINTAIN THE SECRECY OF THE TRADE SECRET OR LIMIT THE USE OF THE TRADE SECRET; OR

(iii) BY A PERSON WHO, BEFORE A MATERIAL CHANGE OF THE POSITION OF THE PERSON, KNEW OR HAD REASON TO KNOW THAT--

           (I)  THE TRADE SECRET WAS A TRADE SECRET; AND

           (II) KNOWLEDGE OF THE TRADE SECRET HAD BEEN ACQUIRED BY ACCIDENT OR MISTAKE.

JURY INSTRUCTION NO. 33

"IMPROPER MEANS" INCLUDES THEFT, BRIBERY, MISREPRESENTATION, BREACH OR INDUCEMENT OF A BREACH OF A DUTY TO MAINTAIN SECRECY, TO LIMIT USE, OR TO PROHIBIT DISCOVERY OF A TRADE SECRET.

JURY INSTRUCTION NO. 33-A

THE PARTIES STIPULATE THAT THE ALLEGED TRADE SECRETS HERE AT ISSUE ARE RELATED TO MOLDED DOORSKINS, WHICH ARE PRODUCTS USED IN, OR INTENDED FOR USE IN, INTERSTATE OR FOREIGN COMMERCE.

JURY INSTRUCTION NO. 34

IF YOU FIND THAT STEVES MISAPPROPRIATED TRADE SECRETS OWNED BY JELD-WEN, THEN YOU MUST DETERMINE THE AMOUNT OF COMPENSATORY DAMAGES, IF ANY, THAT JELD-WEN IS ENTITLED TO RECOVER. THE FACT THAT I AM INSTRUCTING YOU ON THE SUBJECT OF DAMAGES DOES NOT MEAN THAT JELD-WEN IS OR IS NOT ENTITLED TO RECOVER DAMAGES. I AM EXPRESSING NO OPINION ONE WAY OR THE OTHER. THESE INSTRUCTIONS ARE ONLY TO GUIDE YOU IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT JELD-WEN IS ENTITLED TO RECOVER COMPENSATORY DAMAGES.

DAMAGES MUST BE DETERMINED WITH REASONABLE CERTAINTY FROM THE EVIDENCE PRESENTED. MATHEMATICAL PRECISION NEED NOT BE SHOWN, BUT YOU ARE NOT TO GUESS OR SPECULATE AS TO DAMAGES.

AS WITH ISSUES OF LIABILITY, JELD-WEN HAS THE BURDEN TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT IT HAS SUFFERED HARM DUE TO THE WRONGFUL CONDUCT OF STEVES. YOU MAY LOOK AT COMPENSATORY DAMAGES FROM TWO PERSPECTIVES: (1) UNJUST ENRICHMENT TO STEVES, AND (2) A REASONABLE ROYALTY.

JURY INSTRUCTION NO. 35

UNJUST ENRICHMENT CAN BE MEASURED BY ANY BENEFIT THAT STEVES HAS BEEN SHOWN TO HAVE GAINED FROM THE MISAPPROPRIATION OF JELD-WEN'S TRADE SECRETS. IF YOU FIND THAT STEVES WAS UNJUSTLY ENRICHED AS A RESULT OF MISAPPROPRIATING ONE OR MORE TRADE SECRETS BELONGING TO JELD-WEN, YOU MAY AWARD THE MONETARY VALUE ATTRIBUTED TO THIS BENEFIT AS THE MEASURE OF JELD-WEN'S COMPENSATORY DAMAGES.

YOU SHOULD CONSIDER THE EVIDENCE OFFERED BY BOTH PARTIES IN ASSESSING WHETHER JELD-WEN HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THE BENEFIT TO STEVES DERIVED FROM ANY PROVEN MISAPPROPRIATION.

JURY INSTRUCTION NO. 36

ALTERNATIVELY, YOU MAY MEASURE COMPENSATORY DAMAGES IN TERMS OF A ROYALTY, BUT ONLY IF YOU FIND THAT JELD-WEN HAS PRESENTED EVIDENCE OF WHAT A REASONABLE ROYALTY WOULD BE. A REASONABLE ROYALTY IS THE PRICE THAT WOULD BE AGREED UPON BY A WILLING BUYER AND A WILLING SELLER, NEITHER ACTING UNDER COMPULSION, FOR THE USE MADE OF THE TRADE SECRET ALLEGED TO HAVE BEEN MISAPPROPRIATED BY STEVES.

SOME OF THE FACTORS YOU MAY CONSIDER IN DETERMINING THE AMOUNT OF A REASONABLE ROYALTY INCLUDE:

(1) THE PRICE THAT HAS BEEN PAID IN THE PAST FOR USE OF THE TRADE SECRET;

(2) THE TOTAL VALUE OF THE SECRET TO JELD-WEN, INCLUDING ITS DEVELOPMENT COSTS, IF ANY;

(3) THE USES FOR THE INFORMATION THAT STEVES HAD IN MIND; AND

(4) THE TIME AND EFFORT THAT WOULD HAVE BEEN REQUIRED BEFORE STEVES OR ANOTHER COMPETITOR COULD HAVE ACQUIRED OR LIKELY ACQUIRED THE SAME OR EQUIVALENT INFORMATION THROUGH PROPER MEANS.

JURY INSTRUCTION NO. 37

UNDER THE FEDERAL ACT, IF YOU FIND THAT STEVES, DIRECTLY OR THROUGH AN AGENT, MISAPPROPRIATED A TRADE SECRET AND DID SO WILLFULLY AND MALICIOUSLY, YOU MAY ALSO AWARD EXEMPLARY DAMAGES IN AN AMOUNT NOT MORE THAN TWO TIMES THE AMOUNT OF THE COMPENSATORY DAMAGES AWARDED.

JELD-WEN BEARS THE BURDEN OF PROVING ITS ENTITLEMENT TO EXEMPLARY DAMAGES (WILLFUL AND MALICIOUS MISAPPROPRIATION) BY CLEAR AND CONVINCING EVIDENCE.

JURY INSTRUCTION NO. 38

UNDER THE FEDERAL ACT, AN ACT IS DONE "WILLFULLY" IF IT IS VOLUNTARY AND INTENTIONAL, RATHER THAN BY MISTAKE OR ACCIDENT. AN ACT IS DONE "MALICIOUSLY" IF PROMPTED OR ACCOMPANIED BY AN INTENT TO CAUSE INJURY OR HARM.

JURY INSTRUCTION NO. 39

"CLEAR AND CONVINCING EVIDENCE" IS EVIDENCE THAT PRODUCES IN YOUR MIND A FIRM BELIEF OR CONVICTION AS TO THE MATTER AT ISSUE. CLEAR AND CONVINCING EVIDENCE INVOLVES A GREATER DEGREE OF PERSUASION THAN IS NECESSARY TO MEET THE PREPONDERANCE OF THE EVIDENCE STANDARD. THIS STANDARD DOES NOT REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

JURY INSTRUCTION NO. 40

IN ORDER TO PROVE THAT STEVES VIOLATED THE TEXAS ACT, JELD-WEN MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THE SAME ELEMENTS REQUIRED UNDER THE FEDERAL ACT, EXCEPT THAT: (1) TRADE SECRETS UNDER THE TEXAS ACT NEED NOT BE RELATED TO A PRODUCT OR SERVICE USED IN, OR INTENDED FOR USE IN, INTERSTATE OR FOREIGN COMMERCE; AND (2) THE DATE OF THE ALLEGED MISAPPROPRIATION (BY ACQUISITION, DISCLOSURE, OR USE) IS NOT AN ELEMENT OF THE TEXAS CLAIM, SO JELD-WEN NEED NOT PROVE THAT THE ALLEGED MISAPPROPRIATION OCCURRED ON OR AFTER MAY 11, 2016.

IN ALL OTHER RESPECTS, YOU CAN CONSIDER THE DEFINITIONS OF "TRADE SECRET" AND "MISAPPROPRIATION" TO BE IDENTICAL FOR PURPOSES OF DETERMINING WHETHER STEVES HAS VIOLATED THE TEXAS ACT.

JURY INSTRUCTION NO. 42

IF YOU FIND THAT STEVES MISAPPROPRIATED TRADE SECRETS OWNED BY JELD-WEN UNDER THE TEXAS ACT, THEN JELD-WEN MAY BE ENTITLED TO THE SAME KINDS OF COMPENSATORY DAMAGES (UNJUST ENRICHMENT OR, ALTERNATIVELY, REASONABLE ROYALTY) THAT I INSTRUCTED YOU ABOUT IN CONNECTION WITH THE FEDERAL ACT. THOSE INSTRUCTIONS APPLY HERE AS IF REPEATED.

JURY INSTRUCTION NO. 43

UNDER THE TEXAS ACT, IF YOU FIND THAT STEVES, DIRECTLY OR THROUGH AN AGENT, MISAPPROPRIATED A TRADE SECRET AND DID SO WILLFULLY AND MALICIOUSLY, YOU MAY ALSO AWARD EXEMPLARY DAMAGES IN AN AMOUNT NOT MORE THAN TWO TIMES THE AMOUNT OF THE COMPENSATORY DAMAGES AWARDED.

THE INSTRUCTIONS THAT I GAVE YOU ABOUT AN AWARD OF EXEMPLARY DAMAGES WITH RESPECT TO THE FEDERAL ACT APPLY HERE AS IF REPEATED.

JURY INSTRUCTION NO. 43-A

YOU WILL NEED TO RESPOND TO DAMAGES QUESTIONS UNDER THE FEDERAL ACT AND THE TEXAS ACT. YOU NEED NOT BE CONCERNED WHETHER DOING SO WILL RESULT IN A DOUBLE RECOVERY FOR THE SAME INJURY ON THE FEDERAL AND TEXAS CLAIMS. IT IS MY JOB TO ENSURE THAT THIS DOES NOT OCCUR, BASED ON THE INFORMATION YOU WILL PROVIDE ME.

JURY INSTRUCTION NO. 44

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATIONS, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF OR HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES - JUDGES OF THE FACTS OF THIS CASE. YOUR SOLE INTEREST IS

TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE. NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED. NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE. NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN. WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY. AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

A VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE OF THE JURY, THROUGH THE BAILIFF. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT

WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON - NOT EVEN TO THE COURT - HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT JELD-WEN HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.