UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVES AND SONS, INC.,

    Plaintiff,

v.                            Civil Action No. 3:16-cv-545

JELD-WEN, INC.,

    Defendant.

**MEMORANDUM ORDER**

This matter is before the Court on INTERVENOR JOHN G. PIERCE'S MOTION TO CORRECT FINAL JUDGMENT ORDER (ECF No. 1819) and PLAINTIFF STEVES AND SONS, INC.'S MOTION TO AMEND THE JUDGMENT (ECF No. 1825). Having reviewed the motions and the supporting, opposing, and reply memoranda, it is hereby ORDERED that:

(1) Both Steves' and Sons, Inc. ("Steves") and JELD-WEN, Inc. ("JELD-WEN") agree that the jury's award of $36,455,619 for past damages on Steves' Clayton Act claim should not be conditioned on whether divestiture goes forward. Therefore, the FINAL JUDGMENT ORDER (ECF No. 1815) will be amended to reflect that Steves is owed $36,455,619 for past damages, see ECF No. 1815 at 9-10; and

(2) Both Steves' and JELD-WEN agree that, if the jury's award of $36,455,619 for past damages on Steves' Clayton Act claim is set aside, then Steves shall be entitled to receive the jury's award of $9,933,602 in past damages on its breach of contract claim for JELD-WEN's breach of the parties' Supply Agreement. Therefore,

the FINAL JUDGMENT ORDER (ECF No. 1815) is amended to reflect that, if the jury's award of past damages on Steves' Clayton Act claim is set aside, then Steves shall be entitled to receive the jury's award of past damages for its breach of contract claim, see ECF No. 1815 at 9-10; and

(3) The FINAL JUDGMENT ORDER (ECF No. 1815) will be amended to provide that the alternative final judgments will go into effect if the Court's divestiture judgment is not implemented for any reason (rather than only if the divestiture judgment is set aside on appeal), see ECF No. 1815 at 9; and

(4) The FINAL JUDGMENT ORDER (ECF No. 1815) will be amended to provide that the new owner of Towanda will be required to enter into a supply agreement with Steves commencing no later than September 10, 2021, see ECF No. 1815 at 6; and

(5) The FINAL JUDGMENT ORDER (ECF No. 1815) will be amended to reflect that the Court granted Edward Steves', Sam Steves', and John G. Pierce's motions for judgment as a matter of law on JELD-WEN's trade secret counterclaims as set out in the Court's MEMORANDUM OPINION dated October 4, 2018 and the accompanying order (ECF Nos. 1779 & 1780); and

(6) The Roman numerals in the FINAL JUDGMENT ORDER (ECF No. 1815) currently labeled III-VII will be relabeled II-VI; and

(7) Considering the time that has passed since entry of the verdict on the antitrust claims (caused by the time for conducting,

2

briefing, and deciding the remedies issues, by the time taken for the trial secrets claims, and by the time taken on the post-trial motions), if, as of September 10, 2021, this case remains on appeal, the term and the terms of the Supply Agreement (PTX-149) shall be extended for one year beyond the conclusion of the appeal to assure that Steves does not suffer the irreparable injury found in the MEMORANDUM OPINION (ECF No. 1811); and

(8) JELD-WEN shall maintain the status quo at the Towanda facility during the pendency of this appeal, and Steves has the right under Federal Rule of Civil Procedure 64(d) to request an injunction pending appeal to lengthen the period of Steves' Supply Agreement with JELD-WEN for a greater period than provided in paragraph (7) above.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 13, 2019

3