## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

STEVES AND SONS, INC.,         )

           Plaintiff,       )     Civil Action No. 3:16-cv-545-REP

v.                )

JELD-WEN, INC.,          )

           Defendant.   )

## JELD-WEN, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL

JELD-WEN, Inc. ("JELD-WEN"), pursuant to Rule 5 of the Local Civil Rules, respectfully submits this memorandum in support of JELD-WEN's motion for an order to file under seal its Memorandum in Support of its Motion to Modify the Amended Final Judgment Under Federal Rule of Civil Procedure 60(b)(5) as well as the related Exhibits (collectively, the "Memorandum").

The Memorandum contains confidential and commercially sensitive information. *See Halozyme, Inc. v. Matal*, 2017 WL 8772044, at *1 (E.D. Va. Oct. 10, 2017) (sealing "confidential and commercially sensitive information"). In particular, it discusses the general history of the divestiture process as well as specific bidders' offers. The Memorandum also contains references to the Special Master's Report and Recommendation and its Exhibit A, which were redacted in significant part on the public docket pursuant to this Court's order, *see* Dkt. 2188, and discusses the February 14, 2024 status conference hearing and accompanying handouts, which are filed under seal, Dkt. 2442-43.

Furthermore, the Memorandum discusses commercially sensitive information, such as the terms of Steves and Sons, Inc.'s ("Steves") doorskin supply agreements; discussion of JELD-WEN's (and the Towanda plant's) doorskin production, sales, capacity, and operations; Steves' doorskin purchases; and information about Steves' business plans.

## ARGUMENT

### I.    SEALING IS NECESSARY TO PRESERVE THE CONFIDENTIALITY OF THE DIVESTITURE PROCESS.

The Memorandum discusses confidential aspects of the divesture process, including the history of that process and potential buyers' bids for Towanda, in detail.  It also discusses or references material that has been filed under seal in this matter, including the Special Master's Report and Recommendation and its Exhibit A, which were redacted in significant part on the public docket pursuant to this Court's order, *see* Dkt. 2188, and the February 14, 2024 status conference hearing and accompanying handouts, Dkt. 2442-43.  There is no "less drastic alternative[] to sealing the document[]," as all of the material contained in the filing reveals or references confidential information concerning the divestiture process.  *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 566 (E.D. Va. 2010).

### II.   SEALING IS ALSO NECESSARY TO PRESERVE THE CONFIDENTIALITY OF STEVES' AND TOWANDA'S COMMERCIALLY SENSITIVE INFORMATION.

The Memorandum discusses JELD-WEN's, Steves', and Towanda's commercially sensitive business information, including JELD-WEN's (and the Towanda plant's) doorskin production, sales, capacity, and operations; Steves' doorskin purchases; and Steves' business plans.  The public filing of this commercially sensitive information would undermine Steves', JELD-WEN's, and any future Towanda entity's ability to compete in the industry.  *See, e.g.*, *Marks v. Licul*, 2013 WL 6014026, at *7 (D. Md. Nov. 7, 2013) ("The information at issue contains confidential, proprietary, and commercially sensitive information. This information is non-public . . . .

2

Release of this information would disadvantage [the plaintiff] relative to its competitors and information of this nature has been previously found to warrant seal when part of a dispositive motion.").   Under Fourth Circuit law, a court may seal documents containing sensitive commercial information where a party's interest in keeping the information confidential outweighs the public right of access.  *See generally, e.g.*, *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)); *see also Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988).  Accordingly, sealing is appropriate here.

* * * * *

For the reasons stated above, JELD-WEN respectfully requests that the Court grant JELD-WEN's motion to file the Memorandum under seal.

May 1, 2024

Respectfully submitted:

JELD-WEN, Inc.

By counsel

*/s/ Brian Riopelle*
Brian Riopelle (VSB #36454)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1084
Fax: (804) 698-2150
briopelle@mcguirewoods.com

Craig S. Primis, P.C. (*pro hac vice*)
Matthew S. Owen (*pro hac vice*)
Megan McGlynn (*pro hac vice* pending)
Soowan Julia Choi (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Phone: (202) 389-5000
Fax: (202) 389-5200
cprimis@kirkland.com
matt.owen@kirkland.com
megan.mcglynn@kirkland.com
julia.choi@kirkland.com

James H. Mutchnik (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200
jmutchnik@kirkland.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 1st day of May 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

*/s/ Brian Riopelle*
Brian Riopelle (VSB #36454)