UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEVES AND SONS, INC.,

                    Plaintiff,

v.

JELD-WEN, INC.,

                    Defendant.

Civil Action No. 3:16-cv-545-REP

**REDACTED VERSION**

**STEVES AND SONS, INC.'s MEMORANDUM IN OPPOSITION
TO JELD-WEN'S MOTION TO MODIFY THE AMENDED FINAL JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5)**

## TABLE OF CONTENTS

**Page**

I.   Introduction ................................................................................................... 1

II.  Factual Background ........................................................................................ 3

     A.   The Litigation ....................................................................................... 3

     B.   ███████████████████████████████████████████████

     C.   ███████████████████████████████████████████████

     D.   The February 14, 2024 Status Conference ........................................ 9

     E.   ███████████████████████████████████████████████

     F.   JELD-WEN's Motion ......................................................................... 12

III. Argument ...................................................................................................... 15

     A.   Legal Standard .................................................................................... 15

     B.   JELD-WEN's Failure to Bring Its Motion Within a "Reasonable Time"
          Precludes Relief. ................................................................................. 16

     C.   Relief Under Rule 60(b)(5) Is Unavailable Because There Are No Changed
          Circumstances. .................................................................................... 19

          1.   The relevant facts on which JELD-WEN relies were known at the time
               of judgment. ................................................................................. 20

          2.   ███████████████████████████████████████████
               ███████████████████████████████████████████

     D.   JELD-WEN's Inequitable Conduct Forecloses Any Remedy Under Rule
          60(b)(5). .............................................................................................. 24

IV.  Conclusion .................................................................................................... 26

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agostini v. Felton,*
    521 U.S. 203 (1997)................................................................20

*Bowen v. Hockley,*
    71 F.2d 781 (4th Cir. 1934) ................................................24

*In re Comverse Tech., Inc. Sec. Lit.,*
    543 F. Supp. 2d 134 (E.D.N.Y. 2008) ................................14

*Crutchfield v. U.S. Army Corps of Eng'rs,*
    175 F. Supp. 2d 835 (E.D. Va. 2001) ................................15

*Days Inns Worldwide, Inc. v. Patel,*
    445 F.3d 899 (6th Cir. 2006) ................................16

*E. Sav. Bank, FSB v. Ferro,*
    No. 13-CV-5882 (SJF) (AYS), 2018 WL 5892654 (E.D.N.Y. Nov. 8, 2018) .................24, 25

*Est. of Ungar v. Palestinian Auth.,*
    No. CA 00-105L, 2010 WL 11505958 (D.R.I. Oct. 27, 2010)................................25

*Horne v. Flores,*
    557 U.S. 433 (2009)................................19

*Keepseagle v. Vilsack,*
    118 F. Supp. 3d 98 (D.D.C. 2015) ................................22

*McLawhorn v. John W. Daniel & Co.,*
    924 F.2d 535 (4th Cir. 1991) ................................16

*Moses v. Joyner,*
    815 F.3d 163 (4th Cir. 2016) ................................16, 19

*Motorola Credit Corp. v. Uzan,*
    561 F.3d 123 (2d Cir. 2009)................................24

*Nat'l Org. for Women v. Operation Rescue,*
    47 F.3d 667 (4th Cir. 1995) ................................16

*Rufo v. Inmates of Suffolk Cnty. Jail,*
    502 U.S. 367 (1992)................................19, 20, 22

*Steves and Sons, Inc. v. JELD-WEN, Inc.*,
  988 F.3d 690 (4th Cir. 2021) ................................................................3, 6, 20

*United States v. Bissonnette*,
  No. 1:16-cv-1070, 2021 WL 1438309 (E.D. Va. Mar. 24, 2021)...........................20

*United States v. Signature Flight Support Corp.*,
  607 F. Supp. 2d 56 (D.D.C. 2009) .................................................................23, 24

*United States v. Welsh*,
  879 F.3d 530 (4th Cir. 2018) ....................................................................15, 16

*Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*,
  859 F.3d 295 (4th Cir. 2017) ..............................................................................16

**Federal Rules**

17 C.F.R. § 243.100-103 ....................................................................................14

Fed. R. Civ. P. 53 ............................................................................................17

Fed. R. Civ. P. 60 ................................................................................... *passim*

**Other Authorities**

"Door Maker Asks to Undo Landmark Divestiture Order",
  https://www.law360.com/articles/1832905 ...............................................15

11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and
  Procedure § 2857 (2d ed. 1995)..........................................................................24

12 James W. Moore, et al., Moore's Federal Practice § 60.22[5] (3d ed. 2008) ..........................24

https://dwmmag.com/steves-sons-to-build-new-molded-door-skin-facility-in-
  georgia/ ...........................................................................................................9, 18

https://www.georgia.org/press-release/manufacturer-steves-sons-inc-invest-over-
  100-million-jackson-county...............................................................................9, 18

https://www.sec.gov/Archives/edgar/data/1674335/000167433524000112/jeld-
  20240501.htm .................................................................................................14

## I.    Introduction





II.     **Factual Background**

A.     **The Litigation**

Steves filed this case in 2016, asking the Court to address JELD-WEN's unlawful acquisition of CMI and, in particular, the Towanda molded doorskin manufacturing plant. After almost two years of discovery and extensive motion practice, a two-week jury trial, and a three-day equitable remedies hearing, the jury and this Court agreed with Steves that JELD-WEN's acquisition of CMI violated Section 7 of the Clayton Act. The jury awarded Steves damages, ECF No. 1022, and the Court ordered JELD-WEN to divest Towanda. ECF No. 1784 ("Divestiture Op."). Indeed, the Court issued a 149-page opinion explaining its bases for ordering divestiture, which (among other things) chronicled JELD-WEN's history of inequitable conduct towards Steves and other independent door manufacturers in the industry.[1]

B.     **JELD-WEN's Unsuccessful Efforts to Avoid Divestiture**

JELD-WEN first sought to avoid divestiture through the appellate process, without success. It appealed the Court's rulings to the U.S. Court of Appeals for the Fourth Circuit. When a three-judge panel of that Court unanimously affirmed the jury's verdict and the Court's order of divestiture, *see Steves and Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 724 (4th Cir. 2021) (finding this case to be a "poster child" for divestiture), JELD-WEN sought rehearing and rehearing *en banc. Steves and Sons, Inc. v. JELD-WEN, Inc.*, Case No. 19-1397, ECF No. 96-1,

---

[1] *See* ECF No. 1784 (Divestiture Op.) at 29 (JELD-WEN increased Steves' prices even though input costs declined); *id.* at 31, n.7 (JELD-WEN extracted new contracts with higher prices from other independent door makers); *id.* at 32-33 (JELD-WEN changed the way it handled reimbursements for defective doorskins); *id.* at 34 ("JELD-WEN has expressed the view that it might be necessary to 'kill off' a few of the Independents"); *id.* at 132 (there were "a series of events wherein JELD-WEN exercised the market power brought about by the substantial lessening of competition effected by the merger"); *id.* at 136 (JELD-WEN' CEO "threatened that JELD-WEN would be 'total pricks' over the remaining term of the Supply Agreement if Steves did not agree" to higher prices).

97-1 (4th Cir.). The Court summarily denied JELD-WEN's request on March 22, 2021, *id.* at ECF No. 101, two years after the Court's March 13, 2019 entry of the Amended Final Judgment, ECF No. 1852. JELD-WEN then advised this Court that it intended to file a petition for writ of certiorari with the U.S. Supreme Court, so as a result the case remained stayed pending that appeal. *See* ECF No. 2111 (ordering that the case remain stayed "while a petition for certiorari is pending"). Five months later, in August 2021, JELD-WEN abruptly issued a press release announcing that it would not, in fact, seek Supreme Court review of the Court's rulings. *See* ECF No. 2134.

As a result, two-and-a-half years after the Court's Amended Final Judgment, the process of divesting Towanda finally began.

### C.     JELD-WEN's Knowledge of Steves' Plans to Build a Plant

The issue of whether Steves could or would build a doorskin plant was litigated extensively and has therefore been no secret to JELD-WEN. Sam Steves testified at the antitrust trial (in early 2018) that Steves would continue to investigate the possibility of building a doorskin plant. *See, e.g.*, Antitrust Trial Tr. at 392:9-14 (testifying that Steves was still searching for a manufacturing partner for the building of a doorskin plant); *id.* at 401:22-402:22 (testifying that he has not instructed anyone on his team to stop looking into "potential solutions," including building a doorskin plant)[2]. At the remedies hearing that followed the jury's verdict finding JELD-WEN liable for antitrust violations, Sam Steves reiterated that Steves was keeping its "contacts open with the few opportunities that may exist, and, in our mind, that's a manufacturing partner." Remedies Hr'g Tr. at 120:19-121:2.[3]

---

[2] All citations to excerpts of the Antitrust Trial Transcripts are attached as Exhibit 1.

[3] All citations to excerpts of the Remedies Hearing Transcripts are attached as Exhibit 2.

Even JELD-WEN's own briefing following the remedies hearing acknowledged that Steves continued to work on building its own plant. *See, e.g.*, ECF No. 1652 (JELD-WEN's Opposition to Steves' Post-Hearing Memorandum Requesting Equitable Relief) at p. 26 (noting that Steves "is currently working" on building "its own doorskin plant" and that Steves "has consistently stated that it intends to build its own doorskin plant"); ECF No. 1657 (JELD-WEN's Proposed Findings of Fact and Conclusions of Law Regarding Equitable Remedies) ¶ 265 ("Steves has not ruled out the possibility of building a doorskin plant"), *id.* ¶ 267 ("Throughout this litigation, Steves has consistently admitted that it continues to pursue its plan to build a doorskin plant"), *id.* ¶ 268 ("Outside of this litigation, Steves has consistently stated that it intends to build its own doorskin plant").

While Steves understood that building a plant would not then (in 2018) ensure Steves' survival, given the time and money necessary to get a new plant running, *see, e.g.*, Remedies Hr'g Tr. at 111:5-10; Trade Secrets Trial Tr. at 1589:3-90:17; 1591:23-92:17; 1640:19-23; 1642:1-5,[4] Steves nonetheless continued to assess whether it could and should do so. The Court recognized in its Divestiture Opinion that "Steves has not completely abandoned its plan to build a plant," and "is continuing to investigate the possibility of doing so." ECF No. 1784 (Divestiture Op.) at 36, 74 n. 16.

On appeal (in 2019), JELD-WEN pointed the Fourth Circuit to Steves' interest in building a doorskin plan as one reason to vacate the jury's alternative award of lost future profits. Appellant's Opening Brief at 61, ECF No. 54, *Steves and Sons, Inc. v. JELD-WEN, Inc.*, Case No. 19-1397 (4th Cir. Sept. 10, 2019) ("Steves has already negotiated with at least one company about potentially partnering to build a doorskin plant, and has explored the capabilities of

---

[4] All citations to excerpts of the Trade Secrets Trial Transcripts are attached as Exhibit 3.

another possible partner as well …. While building a plant would be a substantial investment, it is hard to imagine that Steves would prefer to go out of business (and lose *all* of its future profits) rather than make that effort." (citation omitted)). The Fourth Circuit vacated that alternative damage award (the only argument relevant here of JELD-WEN's it accepted on appeal), albeit without resting its reasoning on Steves' potential ability to build a doorskin plant. 988 F.3d at 704-705.

As Steves' work to determine whether it could build a plant continued, so too did its disclosures to JELD-WEN about doing so. For example, Steves' intentions to build a molded doorskin plant were addressed in the briefing regarding Steves' objections to the Special Master's February 2022 Report and Recommendation ("R&R"), and in the R&R itself. *See, e.g.*, ECF No. 2189 (R&R) at 24 (commenting on ████████████████████████████ ████████████████████████████ ECF No. 2189-1 (Venable Report) at 22 (commenting on ██████████████████████████████ ███████████████. In its Objections, Steves detailed the progress it had made by then (in 2021) in building a plant, disclosing:

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

















JELD-WEN's public filing and public SEC disclosure have been widely reported. *See, e.g.* "JELD-WEN Seeks Court Reversal of Order to Shed Towanda Door-Skin Plant", Dow Jones Newswires, May 2, 2024 (attached as Exh. 7); "Door Maker Asks to Undo Landmark Divestiture Order", https://www.law360.com/articles/1832905 (attached as Exh. 8); "Jeld-Wen Makes Another Attempt at Keeping Its Towanda Plant", Door and Window Market Magazine Newsletter, May 6, 2024 (attached as Exh. 9).

███████████████████████████████████████

████████████████████████

## III.   Argument

### A.   Legal Standard

Under Rule 60(b), "a court 'may' exercise its power to vacate a judgment under certain circumstances. The remedy though 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.'" *United States v. Welsh*, 879 F.3d 530, 536 (4th Cir. 2018). To determine whether to grant relief under Rule 60(b), a court "must delicately balance 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]ll the facts.'" *Id.* "[M]odification or dissolution of a permanent injunction is extraordinary relief and, as such, requires a showing of extraordinary circumstances." *Crutchfield v. U.S. Army Corps of Eng'rs*, 175 F. Supp. 2d 835, 844 (E.D. Va. 2001) (Payne, J.). Reflecting the extraordinary nature of this relief, motions under Rule 60(b)(5) must also be brought within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1).



Rule 60(c)(1) requires that motions under Rule 60(b)(5) be brought within a "reasonable time." *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 668 (4th Cir. 1995); *Welsh*, 879 F.3d at 533; *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017) ("Wells Fargo slept on its rights."); *Moses v. Joyner*, 815 F.3d 163, 167 (4th Cir. 2016) (holding that district court did not abuse its discretion in finding untimely Rule 60(b)(6) motion "filed two-and-a-half years after the [movant] knew or should have known the basis for his 60(b) claim"). Whether a Rule 60(b) motion was brought within a "reasonable time" is a facts-and-circumstances based inquiry that rests in the district court's discretion. *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) ("What constitutes a reasonable time depends on the facts of each case."); *AMH Roman Two NC, LLC*, 859 F.3d at 300 ("Based on the circumstances in this case, Wells Fargo's delay is not reasonably timely."). JELD-WEN bears the burden of "mak[ing] a showing of timeliness." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (citation omitted).





















## IV.    Conclusion

Steves respectfully requests that JELD-WEN's Motion should be denied.

Dated:  May 6, 2024

**STEVES AND SONS, INC.**

By:   /s/ Maya M. Eckstein
Lewis F. Powell III
Maya M. Eckstein
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

Glenn D. Pomerantz (pro hac vice)
Emily Curran-Huberty (pro hac vice)
MUNGER, TOLLES & OLSON LLP

350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 683-5161

Marvin G. Pipkin
PIPKIN LAW LLP
10001 Reunion Place, Suite 6400
San Antonio, Texas 78216
Telephone:  (210) 731-6495
Facsimile:  (210) 293-2139

*Attorneys for Steves and Sons, Inc.*