# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| STEVES AND SONS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:16-cv-545-REP |
| ) | |
| v. ) | **REDACTED VERSION** |
| ) | |
| JELD-WEN, INC., ) | |
| ) | |
| Defendant. ) | |

## JELD-WEN'S REPLY IN SUPPORT OF ITS
## MOTION TO MODIFY THE AMENDED FINAL JUDGMENT
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5)

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.  **JELD-WEN Filed Its Motion "Within A Reasonable Time" Of Learning The Basis For Its Motion** ...................................................................... 4

II. **Rule 60(b)(5) Relief Is Justified In Light Of Changed Circumstances.** ...................... 9

    A.  Steves' Ability to Build Its Own Plant Was Not Known at the Time of Judgment. ........................................................................................ 10

III. **JELD-WEN Has Not Engaged In Any Inequitable Conduct.** .................................... 17

CONCLUSION ....................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Cooper,*
    555 F. Supp. 3d 226 (E.D.N.C. 2021)......................................................................8

*United States ex rel. Davis v. Prince,*
    753 F. Supp. 2d 561 (E.D. Va. 2010) ....................................................................18

*Evans v. Williams,*
    206 F.3d 1292 (D.C. Cir. 2000)............................................................................10

*Justus v. Clarke,*
    78 F.4th 97 (4th Cir. 2023) ....................................................................................4

*Keepseagle v. Vilsack,*
    118 F. Supp. 3d 98 (D.D.C. 2015).................................................................15, 16

*Meyer v. Berkshire Life Ins. Co.,*
    372 F.3d 261 (4th Cir. 2004) ................................................................................13

*Moses v. Joyner,*
    815 F.3d 163 (4th Cir. 2016) ..................................................................................4

*Rufo v. Inmates of Suffolk Cnty. Jail,*
    502 U.S. 367 (1992)...............................................................................................10

*Steves & Sons, Inc. v. JELD-WEN, Inc.,*
    988 F.3d 690 (4th Cir. 2021) ..........................................................................12, 19

*Thompson v. U.S. Dep't of Hous. & Urb. Dev.,*
    404 F.3d 821 (4th Cir. 2005) ................................................................................10

*United States v. Aetna Inc.,*
    240 F. Supp. 3d 1 (D.D.C. 2017)..........................................................................15

*United States v. Bissonnette,*
    2021 WL 1438309 (E.D. Va. Mar. 24, 2021) .....................................................4, 8

*United States v. Moradi,*
    673 F.2d 725 (4th Cir. 1982) ..................................................................................4

*United States v. Signature Flight Support Corp.,*
    607 F. Supp. 2d 56 (D.D.C. 2009)..................................................................15, 16

*Werner v. Carbo,*
    731 F.2d 204 (4th Cir. 1984) ................................................................................................8

**Rules**

Rule 60(b)(5)....................................................................................................................4, 9

Rule 60(c)(1)......................................................................................................................4

# INTRODUCTION

█████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████[2]

█████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[1]   Citations to exhibits 1-19 refer to exhibits filed with JELD-WEN's opening brief.  Additional exhibits filed with this reply are numbered consecutively, beginning with exhibit 20.

[2]   All emphases added, alterations adopted, citations omitted, and quotations omitted unless otherwise noted.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

The Rule 60(b) motion should be granted.

**ARGUMENT**

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

███████████████████████████████████████   ████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████ .

## I.     JELD-WEN Filed Its Motion "Within A Reasonable Time" Of Learning The Basis For Its Motion.

Steves first argues that JELD-WEN's motion is untimely.  ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████

Rule 60(c)(1) provides that a Rule 60(b) motion must "be made within a reasonable time," which is a flexible standard that depends on the "facts and circumstances" of each case.  Fed. R. Civ. P. 60(c)(1); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also United States v. Bissonnette*, 2021 WL 1438309, at *4 (E.D. Va. Mar. 24, 2021) (filing motion after more than two years was reasonable); *Justus v. Clarke*, 78 F.4th 97, 106-07 (4th Cir. 2023) (filing motion after five years was reasonable).  The "reasonable time" clock starts when the moving party "knew or should have known the basis for his 60(b) claim."  *Moses v. Joyner*, 815 F.3d 163, 167 (4th Cir. 2016).  For Rule 60(b)(5) motions, "the Court assumes that the alleged date that a change of facts occurred, and not merely the date that the underlying judgment was entered, is relevant to the timeliness analysis."  *Bissonnette*, 2021 WL 1438309, at *4.  That "view accords with this Court's acknowledgement that Rule 60(b)(5) motions may be brought at any time."  *Id.*

██████████████████████████████████████████████████

████████████████████████████████   The two press announcements Steves cites did not actually

provide any meaningful information about the new plant's capacity or the expected launch date.

*See* Ex. 23, Door and Window Market, "Steves & Sons to Build New Molded Door Skin Facility

in Georgia" (Nov. 22, 2022); Ex. 24, State of Georgia Press Release, "Manufacturer Steves &

Sons, Inc. to Invest Over $100 Million in Jackson County" (Nov. 21, 2022).  The one press account

that did give an expected capacity number changed that number four days later ████████████████

██████████████████████████████████████████████████

███████████████   *Compare* Ex. 25, Richard Webner, *At 157 years old, San Antonio-based door*

*manufacturer Steves & Sons marks another turning point*, San Antonio Express News (June 14,

2023) (stating that Steves' plant could manufacture 20 million doorskins), *with* Ex. 2, Richard

Webner, *At 157 years old, San Antonio-based door manufacturer Steves & Sons marks another*

*turning point*, San Antonio Express News (June 18, 2023) ("Webner Article") (revising Steves'

anticipated plant capacity from 20 million doorskins to 10 million doorskins).

███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

7

Rule 60(b)(5) relief is appropriate whenever a "significant change in the factual conditions" renders "compliance with the decree substantially more onerous, if the decree proves to be unworkable because of unforeseen obstacles, or if enforcement of the decree without the

modification would be detrimental to the public interest." *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, 404 F.3d 821, 827 (4th Cir. 2005). "While a modification should not be granted because of events that actually were anticipated by the parties, the party seeking a modification need not show that the changed circumstances were unforeseeable." *Evans v. Williams*, 206 F.3d 1292, 1298 (D.C. Cir. 2000) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384-85 (1992)). "It is enough that the parties did not actually contemplate the changed circumstances" because the Rule "does not require absolute unforeseeability." *Id.* ████████████████████

████████████████████████████████

██ ████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

A fair review of the record reveals that Steves repeatedly argued to this Court that divestiture was necessary precisely because it *could not* build a plant:

- "[N]othing in that evidence about [Steves'] efforts to look into building a door skin plant comes close to satisfying the test in the judge's jury instruction; timely, likely, and sufficient to deter the anticompetitive effects of this merger. … They have been knocking on doors for two years, and they don't yet have a manufacturing partner. That's not a timely, likely and sufficient alternative." 2/14/18 Trial Tr. at 2611:18-2612:2, Dkt.1037 (closing argument).

- "[I]f it was possible for Sam and Edward to go get the door skins from Teverpan, they'd do it in a heartbeat. Or build a plant. They'd do it in a heartbeat. But that's just not a likely option." *Id.* at 2632:20-23.



Steves then made similar representations to the Fourth Circuit, including in a section of its brief titled "[t]he impending failure of Steves' business," Br. for Appellees, *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690 (4th Cir. 2021) (No. 19-1397), 2019 WL 4409845, at *13-15:

- "Steves cannot fulfill its doorskin requirements from foreign manufacturers or by building its own doorskin plant." *Id.* at *14.

- "Steves also extensively investigated whether it could build its own doorskin plant, meeting with both equipment suppliers and potential manufacturing partners. These efforts were fruitless." *Id.*

- "The record supports" the finding that "building a doorskin plant of its own is not a viable alternative for Steves." *Id.* at *47.

- "The record supports" the jury's "reject[ion of] JELD-WEN's evidence … that Steves could build its own doorskin manufacturing plant." *Id.* at *75.

Steves did not and cannot identify any statements that contradict the above representations.

███████████████████████████████████████████████████

███████████████████████████████████████████████ After all, making that kind of statement would directly undercut its argument that "Steves ha[d] nowhere else to turn" but to JELD-WEN for doorskins. Br. for Appellees, *Steves & Sons*, 2019 WL 4409845, at *26.

It is therefore unsurprising that, as JELD-WEN explained in its brief (at 5-6, 22-25), this Court believed and relied upon Steves' forceful representations to conclude that Steves had established irreparable injury, antitrust injury, and the other equitable prerequisites to divestiture:

- "Considered as a whole, the record establishes conclusively that Steves cannot fulfill its doorskin requirements from foreign manufacturers or by building its own doorskin plant." Divestiture Op. at 36, Dkt.1784.

- "[T]he Court finds that building a doorskin plant of its own is not a viable alternative way to supply Steves' doorskin needs after 2021." *Id.* at 79.

- "In any event, the record shows that Steves simply cannot afford to build its own doorskin plant so JELD-WEN's position is academic at best." *Id.* at 79 n.17.[3]

The Fourth Circuit also credited Steves' "conclu[sion] that building a plant likely wasn't feasible," *Steves & Sons*, 988 F.3d at 702, and relied on that fact when it affirmed that divestiture was the only way Steves could survive as a business:

- "Absent the threat to its survival that emerged only [in 2014], Steves couldn't have shown … a threatened irreparable injury, inadequacy of legal remedies, and that the balance of hardships tipped in its favor." *Id.* at 718.

- "We affirm the district court's finding that Steves's threatened collapse couldn't be repaired by money damages. The permanent loss of a business, with its corresponding goodwill, is a well-recognized form of irreparable injury." *Id.* at 719.

- "As the district court recognized, while a damages award would be better than no relief at all, it wouldn't fully repair Steves's injury because it wouldn't keep Steves in business." *Id.* at 719 n.14.

- "Record evidence supports the court's finding that Steves faces collapse without injunctive relief. If neither JELD-WEN nor Masonite sell Steves doorskins, Steves will have no recourse. Such a significant possibility that a party would be driven out of business carries great weight when balancing hardships." *Id.* at 721.

---

[3] █████████████████████████████████████████████████████████████

In the face of this record, it is no wonder that, for all its arguments about what was and was not said at trial and on appeal, Steves does not dispute—because it cannot dispute—that both this Court and the Fourth Circuit concluded that Steves could not build a plant and that both courts relied heavily on that conclusion when ordering and then affirming divestiture.[4]

For similar reasons, Steves' argument is also barred because Steves previously made multiple judicial admissions that it could not build a new plant.  A judicial admission is "a representation that[,] unless allowed by the court to be withdrawn, is conclusive in the case." *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir. 2004).  "[D]eliberate, clear[,] and unambiguous statements by counsel may be considered judicial admissions" that bind the party that made them.  *Id.* at 265 n.2.  Steves deliberately, clearly, and unambiguously stated to the Fourth Circuit that it "cannot fulfill its doorskin requirements from foreign manufacturers or by building its own doorskin plant"; that "building a doorskin plant of its own is not a viable alternative for Steves"; and that although it "extensively investigated whether it could build its own doorskin plant, ... [such] efforts were fruitless."  Br. for Appellees, *Steves & Sons*, 2019 WL 4409845, at *14, *47.  Steves cannot now dispute whether, at the time it made those statements, it did in fact have the capability to build a plant.

---

4

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████



---

[5]   Steves has little to say about JELD-WEN's argument that, because of Steves' new plant, divestiture is no longer necessary to restore three competitors to the relevant doorskins market.

Likewise, Edward Steves publicly stated just last year that Steves' new plant will "eliminate" the previous "duopoly," Ex. 2, Webner Article, a conclusion that only follows from a market definition that includes Steves. In fact, Edward Steves was making the very same point JELD-WEN made in its brief (at 16-17):  The properly defined market has fundamentally changed because of Steves' new plant and will now include at least three U.S. competitors (Masonite, JELD-WEN, and Steves) regardless of whether JELD-WEN retains Towanda.  Steves has no response.

17

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

## CONCLUSION

For these reasons, the Court should grant JELD-WEN's Motion to Modify the Amended

Final Judgment, ████████████████████████████████████████████████

███████████████████████

May 8, 2024          Respectfully submitted:

JELD-WEN, Inc.

By counsel

*/s/  Brian Riopelle*

Brian Riopelle (VSB #36454)         James H. Mutchnik (*pro hac vice*)
MCGUIREWOODS LLP                     KIRKLAND & ELLIS LLP
800 East Canal Street                333 West Wolf Point Plaza
Richmond, VA 23219                   Chicago, IL 60654
Telephone: (804) 775-1084            Telephone: (312) 862-2000
Facsimile: (804) 698-2150            Facsimile: (312) 862-2200
briopelle@mcguirewoods.com           jmutchnik@kirkland.com

Craig S. Primis, P.C. (*pro hac vice*)
Matthew S. Owen, P.C. (*pro hac vice*)
Megan McGlynn (*pro hac vice*)
Soowan Julia Choi (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
cprimis@kirkland.com
matt.owen@kirkland.com
megan.mcglynn@kirkland.com
julia.choi@kirkland.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 8, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

*/s/  Brian Riopelle*

Brian Riopelle (VSB #36454)
