**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| STEVES AND SONS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:16-CV-545-REP |
| ) | |
| v. ) | |
| ) | |
| JELD-WEN, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**

Intervenors Woodgrain, Inc. and WG Towanda LLC (the "Woodgrain Entities"), by and through their attorneys, hereby submit this memorandum in support of their motion for leave to intervene in the above-captioned case pursuant to Fed. R. Civ. P. 24(a)(2) or (b)(2). For the reasons set forth herein, the Court should grant the Woodgrain Entities leave to intervene.

**BACKGROUND FACTS**

1. This case is an antitrust case that resulted in a jury verdict against Defendant JELD-WEN, Inc. ("JELD-WEN"), and an order that JELD-WEN be divested of certain property—specifically, the Towanda Facility. (Dkt. Nos. 1783, 1852, 2282.) A Special Master was appointed to conduct the divestiture process. (*Id.*)

2. On September 26, 2024, the Court entered an order setting deadlines regarding objections to the Special Master's report and recommendation and related divestiture agreements. (Dkt. No. 2521.) The Court's order stated: "If the acquirer of the Towanda facility so chooses, it may file a motion to intervene for the purposes of addressing any objections filed by any party. (*Id.*) The order set a deadline of seven days from the "filing of the divestiture agreements" to file a motion to intervene. (*Id.*)

1

3. On or about October 11, 2024, the Woodgrain Entities entered into an Asset Purchase Agreement[1] with JELD-WEN whereby JELD-WEN agreed to sell certain assets of the business conducted by JELD-WEN at the Towanda Facility to WG Towanda, LLC as the prospective purchaser. (Holderness Decl. ¶ 3.) Woodgrain, Inc., is the parent company of WG Towanda, LLC, and entered into the Asset Purchase Agreement as a guarantor. (*Id.*)

4. On October 31, 2024, counsel for the Special Master informed counsel for the Woodgrain Entities that the special master filed his report and recommendation under seal on October 25, 2024, and that the Court is reviewing proposed redactions. The filing is not yet noted on PACER.

5. This Motion is filed within the time permitted by the Court's Order (Dkt. No. 2521).

## ARGUMENT

**I.  The Court Must Allow the Woodgrain Entities to Intervene as of Right Pursuant to Fed. R. Civ. P. 24(a)(2).**

The Woodgrain Entities have an interest in the assets to be transferred under the Asset Purchase Agreement for the Towanda Facility as the prospective purchaser and guarantor under that agreement, and must be allowed to intervene as of right. Intervention is governed by Fed. R. Civ. P. 24, which provides in relevant part:

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

---

[1] A copy of this Asset Purchase Agreement is intentionally omitted from the Motion Papers as the Woodgrain Entities are informed that the Special Master has submitted a version with suggested redactions. The Woodgrain Entities wish to avoid inconsistencies with the redactions suggested by the Special Master.

2

> represent that interest.

Fed. R. Civ. P. 24(a)(2).

As this court has explained:

> A court must allow intervention as of right upon timely motion if a movant demonstrates "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by the parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991)).
>
> To satisfy the first requirement, a movant must show a "significantly protectable interest" in the litigation. *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)). The claim "must bear a close relationship to the dispute between the existing litigants" and be direct, "rather than remote or contingent." *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993). A movant demonstrates a "significantly protectable interest" by showing the movant "stand[s] to gain or lose by the direct legal operation of the district court's judgment on [the] complaint." *Teague*, 931 F.2d at 261. To satisfy the second requirement, the movant must then demonstrate that failure to allow intervention would impair that interest. *In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997); *see also Stuart*, 706 F.3d at 349.

*Lee v. Va. State Bd. of Elections*, Civil Action No. 3:15CV357-HEH, 2015 U.S. Dist. LEXIS 118647, at *5-6 (E.D. Va. Sep. 4, 2015).

In this case, the Woodgrain Entities have an interest in the Towanda Facility as they are the prospective acquirers of that facility. This Court will ultimately determine whether the Towanda Facility may be sold to the Woodgrain Entities which could impair the Woodgrain Entities' rights under the Asset Purchase Agreement and ability to purchase the Towanda Facility. Absent intervention, the Woodgrain Entities will have no say in whether the sale is approved by the Court.

The Woodgrain Entities' interest in obtaining approval of the sale of the Towanda Facility is not adequately protected by the other parties to this case. In statements made to the Court, Plaintiff Steves and Sons, Inc. ("Steves") has indicated that it may object to the divestiture agreements and the Special Master's report and recommendation. (Dkt. No. 2524 at 2 ("Until final

divestiture agreements are submitted to the Court, along with a report and recommendation from the Special Master, Steves will not know whether it will need to file objections to either the agreements or the report and recommendation.").)

While JELD-WEN is technically the seller of the facility, it does not ultimately support divestiture of the Towanda Facility. JELD-WEN has filed a motion to "vacate all orders requiring JELD-WEN to divest its Towanda, Pennsylvania facility," (Dkt. No. 2456) which motion is not yet resolved. If JELD-WEN's ultimate goal is to avoid divestiture, it cannot be considered to be an advocate of the sale of the Towanda Facility to the Woodgrain Entities. Simply put, JELD-WEN may lack incentive to defend the sale, and the Woodgrain Entities are not satisfied that JELD-WEN will adequately represent the interests of the Woodgrain Entities in this case.

The Special Master is a neutral party and cannot adequately represent the interests of the Woodgrain Entities. Therefore, the Court must allow the Woodgrain Entities leave to intervene in this case.

**II.      Alternatively, the Woodgrain Entities May Permissively Intervene Pursuant to Fed. R. Civ. P. 24(b)(2).**

Alternatively, if the Court determines that intervention as of right is not appropriate, then the Woodgrain Entities should be allowed to intervene pursuant to the permissive intervention standard in Fed. R. Civ. P. 24(b)(2). "On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). As this Court has explained: "District courts have broad discretion to grant or deny motions for permissive intervention under Rule 24(b). 'In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Sziber v. Dominion Energy*, Civil Action No.

4

3:20cv117, 2021 U.S. Dist. LEXIS 250166, at *6 (E.D. Va. July 27, 2021 (citing *McHenry v. Comm'r*, 677 F.3d 214, 219 (4th Cir. 2012); Fed. R. Civ. P. 24(b)(3).)

As explained above, the Woodgrain Entities are the prospective purchasers of the Towanda Facility, which is an important aspect of the resolution of this case. The Court recognized that the Towanda acquirer should intervene if it intends to respond to any objections to the Special Master's report and recommendations or the divestiture agreements. (Dkt. No. 2521.) The Woodgrain Entities as the purchasers of the Towanda Facility intend to respond to objections that may be filed to the Special Master's report and recommendations or the divestiture agreements. The Woodgrain Entities' claims and defenses to said potential objections are sufficient to allow intervention pursuant to Fed. R. Civ. P. 24(b)(2).

Therefore, if intervention as of right is unavailable, the Court should permit the Woodgrain Entities' intervention pursuant to Fed. R. Civ. P. 24(b)(2).

**III.     The Pleading Requirement in Fed. R. Civ. P. 24(c) is Inapplicable.**

Motions to intervene are generally required to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). However, in this instance, the Court has required intervention prior to the deadlines for the objections that may be filed to the Special Master's report and recommendations or the divestiture agreements. (Dkt. No. 2521 (setting a 14-day the deadline to object and a 7-day deadline to move to intervene).) No objections to the Special Master's report and recommendations or the divestiture agreements have been filed. As such, the Woodgrain Entities do not have, and cannot provide, a pleading directed to the anticipated objections.

**CONCLUSION**

Based on the foregoing, the Woodgrain Entities respectfully request that the Court grant their motion for leave to intervene.

DATE:  November 1, 2024

Respectfully submitted,

_____/s/_____
Cortland C. Putbrese (VSB No. 46419)
Michael Shafer (VSB No. 94984)
DUNLAP BENNETT & LUDWIG PLLC
6802 Paragon Place, Suite 410
Richmond Virginia 23230
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com
mshafer@dbllaywers.com

Elijah Watkins (*Pro Hac Vice* Admission Pending)
Aaron Bell (*Pro Hac Vice* Admission Pending)
DORSEY & WHITNEY, LLP
101 South Capitol Boulevard, Suite 1701
Boise, Idaho 83702
(208) 617-2550 (t)
(208) 545-5343 (f)

*Counsel for Intervenor Woodgrain, Inc. and WG Towanda LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

                                                                                                              /s/

Cortland C. Putbrese
DUNLAP BENNETT & LUDWIG PLLC
6802 Paragon Place, Suite 410
Richmond Virginia 23230
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com

*Counsel for Intervenor Woodgrain, Inc. and WG Towanda LLC*